## ELIZABETH PHILLIPS *vs.* JACOB RHODES.

The heirs of an owner of real estate, which was bounded in part by a sea beach, divided the estate by deed, and assigned to some of them parcels of land bounded by the beach, and to the others different parcels : The deeds assigning the latter parcels granted the privilege of getting sea weed from the beach below the lands granted by the deeds of the former parcels. *Held,* that this was a grant of an incorporeal hereditament appurtenant to the land to which it was annexed, and not a right in gross ; and that it could not be severed and sold separate from that land ; and that the sale of the right to a stranger would either be void, or would extinguish the right. *Held also,* that the owner of the privilege was not bound to use the sea weed on the land to which the privilege was annexed, but might use it on his other land, or dispose of it to other persons, or lease his share of the privilege while he should continue to be owner of the land to which it was annexed. *Held further,* that the grantees of the privilege were not affected by the gradual shifting of the boundaries of the beach, by the action of the sea, but were entitled to take sea weed from the beach, wherever the beach might be, below the land conveyed as bounding on it.

THE parties submitted this case to the court on agreed facts, all of which appear in the opinion of the court.

HUBBARD, J. This is an action of trespass for breaking and entering the plaintiff's close, and taking and carrying away sea weed. The defendant pleaded the general issue, with notice that he was the lessee or servant of Mary Ann Balch and her husband; said Mary Ann being a part owner of the *locus in quo,* or an owner of a privilege in the same. The taking of the sea weed mentioned in the declaration is admitted.

The plaintiff claims title to the *locus in quo* under the will of her late husband, Benjamin H. Phillips, deceased, whose title was derived by deed from Jonathan Phillips and others, children and heirs at law of Gideon Phillips and Rebecca his wife, dated December 12th 1797, and a deed from said Rebecca, dated December 11th 1797. This deed of Jonathan Phillips and others conveys to Benjamin H. Phillips, among other parcels of land, the following : " All that part of *the home field,* so called, excepting thirteen poles laid out to said Jonathan Phillips, that lieth southerly and westerly of a line running southerly eighteen rods from said Jonathan Phillips's land down the field to a stake ; thence easterly ten and four tenth rods to a stake ; thence southerly *to the beach ;* and contains four acres and forty

poles, with the mansion house that was our said father's and mother's on the premises."

The title under which the defendant justifies is by a deed of the same date, from Jonathan Phillips and others to Rebecca Collins, wife of Jacob Collins, jr.; and the description of one of the parcels of land is the following: "Also two acres and nine poles of land in Nahant, so called; *also a privilege of getting what is called sea dung on the beach below the home field,* that our mother Rebecca Phillips hath granted unto us; with all other privileges and appurtenances thereunto belonging."

The above deeds were made by the heirs, in the division of the estate of Gideon and Rebecca Phillips. The other lands of said Gideon were assigned to his other children, by deeds of division, and a privilege in the beach was granted to all of them except those who had part of the home field. The said Rebecca Collins survived her husband, and died leaving her estate by will, after certain legacies, to her son Phillips Collins, and to her daughter Mary Ann Collins, and if either should die leaving no issue, the survivor was to inherit the whole. The said Mary Ann Collins married John C. Balch, and she claims a privilege to take sea manure from the beach, and has leased *or sold* her right to the defendant.

The land, to which the defendant carried the manure from the *locus in quo,* was no part of the estate formerly belonging to said Gideon or Rebecca Phillips. There are about eighty direct descendants from the six children of Gideon and Rebecca Phillips, who claim each a right to take manure *from said beach* by virtue of the grants to their ancestors of privileges in the division deeds.

The right granted to the ancestor of Mary Ann Balch was a privilege of getting sea manure on the beach below the home field, which field belonged to the plaintiff. The sea weed which is thrown up belongs to the owner of the beach; *Emans* v. *Turnbull,* 2 Johns. 322; and so is the subject of grant. The question presented for consideration is, whether the grant thus made to Rebecca Collins (similar grants having been made to other children of Gideon and Rebecca Phillips) is a right in

gross, to be enjoyed by all the grantees and their heirs, or whether it is a right appurtenant to the particular parcel of estate conveyed in the deed to which it is annexed.

As a right or common in gross passes by deed, it is necessary to consider the terms of the grant, to ascertain the nature of the estate intended to be conveyed. And we think it is obvious, from the language of the deed, that the object of the grant was to benefit the owner of the particular estate, by furnishing her with a valuable dressing for her land, and not to give a person al right to her and all her heirs and their assigns, as many as there might be. The privilege, thus subdivided, would be of no personal use or advantage ; but as appurtenant to the particular estate, so that it might be used thereon, it would always enhance its value. We are therefore of opinion, that the grant created by this deed is an incorporeal hereditament, appurtenant to the estate to which it is annexed, and passes with it ; and consequently, it is a right which cannot be severed and sold separate from the estate, and thus subdivided *ad infinitum.* Such a sale of the right to a stranger would either be a void grant, or would extinguish the right.

But we do not consider, though the privilege is appurtenant to the estate, that the owner is confined, by the terms of the grant, to use the dressing on the particular estate. Having taken the manure from the beach, by virtue of the privilege, she may use it on other lands of her own, or dispose of it to others ; or she can lease her share of the privilege while she remains an owner in common of the particular estate. If it is said that the privilege may in this manner be subdivided, and the same evils follow as would or might flow from a sale of the privilege independent of the land to which it is appurtenant ; yet it must be remembered that its subdivision can only be such as the piece of land to which it is attached is subject. One person having a right or privilege may also obtain more than his just share of the dressing cast up during the season. But such inequality in the division is almost inevitable from the nature of the property itself, thrown up as it is on the beach, in greater or less quantities, by the constant heaving

of the sea. But it is also true, that if one proprietor should be obstructed by another proprietor in the enjoyment of his privilege, he would not be without a remedy for the obstruction of his right.

A question has also been raised in this case, whether the place from which the dressing was taken by the defendant, which, as the parties agree, is now beach, was beach or upland at the time when the aforesaid deeds were made. And by the agreement of the parties, this question is to be submitted to a jury, if it be necessary, in the opinion of the court, that it should be decided. Two cases on this point have been referred to, in which a similar question was started. *Scratton* v. *Brown,* 4 Barn. & Cres. 485, and *Brown* v. *Lakeman,* 15 Pick. 151. But no decision was had on the point, the court holding, in each of those cases, that the party was seized in fee of the respective beaches, concerning which the controversy existed, and was not in the mere enjoyment of an easement. In the case before us, the grantors were expressly conveying an easement on the beach, and not the fee of it ; and they well knew the shifting nature of the beach at the time of making the conveyance. And we are clearly of opinion, that as the privilege was to take the sea dressing on the beach below the home field, the right cannot be affected by the gradual and imperceptible changes taking place on the sea-shore. Wherever the beach exists in front of or below the field, there the right of taking the sea dressing extends, and it matters not whether the sea has gained upon the land or has receded. The beach remains, and to that the easement is appurtenant.

We notice, in the report of the case, that the said Mary Ann Balch either leased or sold her right to the defendant Rhodes. In the opinion we have expressed, it becomes important to settle the fact whether the defendant is the lessee of said Balch's interest, or has made an absolute purchase of the same. If the former, the defendant may justify, as acting under the owner, by virtue of her lease to him. But if he justifies the entry and taking under a sale of the right to himself, he takes nothing by the purchase, and is liable in this action to the plaintiff. And

28

if the fact cannot be agreed, the cause must be sent to a jury to ascertain it.

*N. J. Lord,* for the plaintiff.

*Ward,* for the defendant.