## MOORE *v.* CROSE.

WAY.—*Appendant.*—If a right of way is appendant or appurtenant to land conveyed, the right of way will pass by the deed of conveyance, and not by a separate quitclaim deed.

SAME.—A way is appendant or appurtenant when it is incident to an estate, one terminus being on the land of the party claiming. It must inhere in the land, concern the premises, and be essentially necessary to their enjoyment. It is of

Moore *v.* Crose.

the nature of a covenant running with the land, and like it must respect the thing granted or devised, and must concern the land or estate conveyed.

SAME.—*Appendant and in Gross.*—A way appendant cannot be turned into one in gross, because it is inseparably united to the land to which it is incident; so a way in gross cannot be granted over to another, because of its being attached to the person.

TRESPASS.—*Justification.*—*Pleading.*—In an action for trespass to real estate, where the defendant answers claiming to justify under a deed of conveyance, he must show that the deed was made before the date of the alleged trespass.

SAME.—*Vindictive Damages.*—*Instruction.*—In an action for trespass to real estate, where there are no elements of malice, insult, or deliberate oppression, it is error to instruct the jury that they may allow vindictive damages.

From the Clinton Circuit Court.

*H. Y. Morrison, L. McClurg,* and *T. H. Palmer,* for appellant.

*A. J. Boone, R. W. Harrison,* and *J. N. Sims,* for appellee.

DOWNEY, J.—This was an action by the appellee against the appellant for trespass upon the lands of the plaintiff. It is alleged in the complaint, that on the 11th day of March, 1871, the plaintiff being the owner in fee simple and lawfully seized of the east half of the south-west quarter of section seven, in township twenty, north of range one west, in Clinton county, the defendant, without leave and wrongfully, entered into and upon the same and tore down and destroyed the gate and fencing, etc., thereon, whereby the plaintiff was damaged in the sum of three hundred dollars. The complaint is in two paragraphs, but they need not be separately noticed.

The defendant pleaded, 1. The general denial. 2. That he is the owner in fee simple of eighteen feet in width of the east half of the south-west quarter of section seven, in township twenty, north of range one west, in said county, beginning about sixty-four and a half rods south of the north-west corner of said half quarter section, and extending thence east about sixty-five rods to the Jefferson and Thorntown road; that defendant was, on the 11th day of March last, and a long time prior to that date, in possession of said premises, and has been in possession thereof ever since

said time; that he was and is legally entitled to such possession; that on said 11th day of March, 1871, the defendant found a gate and a fence built across said eighteen feet of ground so in possession of defendant; that he then and there peacefully removed said gate and said fence, as he lawfully might; that these are the trespasses complained of; and defendant denies every allegation in said complaint inconsistent with the answer, or not otherwise answered therein.

3. That on the 20th day of February, 1864, one John Moore was the owner of the west half of the south-west quarter of section seven, in township twenty, north of range one west in Clinton county, Indiana; that the plaintiff was at said last named date the owner of the east half of said quarter section; that said John had no way, or inlet, in or to his said lands; that on said day he purchased of the plaintiff a cartway, beginning about sixty-four or sixty-five rods south of the north-west corner of the east half of said quarter section, and extending thence eighteen feet wide east about sixty-five rods to the Jefferson and Thorntown road; that a copy of the grant of said way is herewith filed and made a part of this answer; that said John immediately after said 20th day of February, 1864, in company with said plaintiff, located said way and agreed with him where the same should be, and took possession of the same, making said way appurtenant to said John's said lands; that said John erected and has ever since kept up the fence mentioned in the copy of said contract herewith filed; that plaintiff built his fences on each side of said way, and allowed them to remain until the 11th day of March, 1871; that the agreement which is a part of the answer, a copy being herewith filed, was fully executed; that said John retained the possession of said way with the full knowledge and acquiescence of the plaintiff, until the —— day of ——— 18—, when he, said John, sold and conveyed to defendant his lands, the west half of said quarter section, with the appurtenances thereto; that thereupon the defendant took possession of said way, and has ever since held the possession and use

thereof; that said way is the only means of ingress and egress to and from the defendant's lands so purchased from said John, and is therefore necessary to the enjoyment of his said lands; that plaintiff erected a gate and a fence across said way, on or about said 11th day of March, 1871, without the consent of defendant and without right; that defendant peacefully removed said gate and said fence from said way, doing no damage to plaintiff's freehold or to the materials of which said gate and said fence were constructed, and placing said materials immediately outside of the limits of said way for plaintiff's use; that on the 25th day of February, 1871, said John, by quitclaim deed, conveyed all his interest in and to said way to the defendant; that the removing of said gate and said fence as aforesaid are the trespasses complained of in this action; and the defendant denies all allegations of the complaint inconsistent with the answer, and particularly denies that he in any way whatever damaged the plaintiff or his property as alleged in his complaint; wherefore, etc.

The plaintiff traversed the second paragraph of the answer by a general denial, and demurred to the third on the ground that it did not state facts sufficient to constitute a defence to the action. This demurrer was sustained by the court, and the defendant excepted. A trial by a jury terminated in a verdict for the plaintiff. A motion for a new trial was made by the defendant, which was overruled by the court, and final judgment was rendered on the verdict.

The errors assigned call in question the rulings of the circuit court in sustaining the demurrer to the third paragraph of the answer, and in refusing to grant a new trial.

The blanks in the third paragraph of the answer for the date of the deed from John Moore to the appellant leave us without any information as to the time when that deed was made. The appellant claims that the way was appendant or appurtenant to the land conveyed by that deed. If so, the right to the way passed by the deed conveying the land,

and not by the separate quitclaim deed. "Ways are said to be appendant or appurtenant when they are incident to an estate, one terminus being on the land of the party claiming. They must inhere in the land, concern the premises, and be essentially necessary to their enjoyment. They are of the nature of covenants running with the land, ànd like them must respect the thing granted or demised, and must concern the land or estate conveyed. A way appendant cannot be turned into one in gross, because it is inseparably united to the land to which it is incident. So a way in gross cannot be granted over to another, because of its being attached to the person." Washb. Easm. 161. As the third paragraph does not show that the deed from Moore to the appellant was made before the date of the alleged trespass, we must hold it insufficient.

The other questions arise under the assignment of error relating to the overruling of the motion for a new trial. The reasons for a new trial, among others, were, that the damages were excessive, and that the court erred in one of its instructions to the jury. The damages were fully twice as much as the actual injury sustained. The instruction complained of is as follows : " If the jury find for the plaintiff, you may assess the damages at such sum as will cover the actual damages proved, and to this you may add such vindictive damages as you may deem just and right, having regard for all the circumstances of the case. Vindictive damages are assessed, not as payment to the plaintiff for the injury done, but as a punishment inflicted upon the wrong-doer."

In our opinion, this instruction was incorrect. It has been decided, that if a trespass has been committed with malice, insult, or deliberate oppression, the jury may join exemplary damages to the pecuniary loss. *Anthony* v. *Gilbert*, 4 Blackf. 348 ; *Taber* v. *Hutson*, 5 Ind. 322 ; *Millison* v. *Hoch*, 17 Ind. 227. There are no elements of malice, insult, or deliberate oppression in the case under consideration. On the contrary, it appears pretty clearly that the appellant was acting

under the belief that he had a valid right to the way in question. The damages given in this case are small, but the same principle is applicable, and must control the case, as if the amount of the damages was greater.

The judgment is reversed, with costs, and the cause remanded, with instructions to grant a new trial, and leave to amend the pleadings, if desired.