The Lake Erie and Western Railway Company *v.* Michener *et al.*

---

No. 14,556.

## THE LAKE ERIE AND WESTERN RAILWAY COMPANY *v.* MICHENER ET AL.

RAILROAD.—*Unlawful Entry Upon Land.*—*Injunction.*—Where a railroad company is about to enter upon and take permanent possession of land, without first having acquired the right to do so, and without making compensation, injunction may be maintained by the land-owner.

SAME.—*Right of Way.*—*Release.*—*Limitation of Width.*—Where a railroad company, by its charter, is authorized to acquire a right of way eighty feet wide, but accepts from a land-owner a release expressly limiting

the right of way across his land to twenty-five feet, it can not thereafter, in the absence of a further grant, assert a claim to a greater width, unless it has acquired title by adverse occupancy, or unless it has entered upon the land and occupied it under such circumstances that the owner is estopped from reclaiming possession.

SAME.—*Estoppel.*—The fact that a land-owner gave permission to a railroad company to occupy, during his pleasure; certain ground adjacent to the right of way, with a turn-table and water-tank, does not estop him or his grantees, after the company has abandoned the ground so occupied, from asserting title when such company subsequently attempts to retake possession, not only of the parcel formerly occupied, but also of a strip of a defined width across the entire tract.

From the Howard Circuit Court.

*W. E. Hackedorn* and *J. O'Brien,* for appellant.

*J. F. Elliott* and *L. J. Kirkpatrick,* for appellees.

MITCHELL, J.—This proceeding was instituted by James B. Michener and others against the Lake Erie and Western Railway Company, to enjoin the company from entering upon a strip of land adjacent to its track, alleged to belong to the plaintiffs.

It was averred in the complaint that the railroad company's right of way constituted the west boundary of the plaintiff's land, and that the company was entering upon, making excavations, and laying tracks and switches from its railroad along and over the land owned by plaintiffs, without their consent, and without having taken any proceedings to condemn or otherwise to acquire the right to enter upon and appropriate their real estate.

It was also alleged that the defendant was threatening to continue the work to the permanent injury of the land, which injury could not be compensated in damages.

The general rule undoubtedly is, as appellant contends, that where a party has a clear and adequate remedy at law, he can not invoke the aid of a court of chancery, and ask relief by way of injunction, but a well established exception to the rule occurs when a railroad company enters upon the lands of another, without right, to lay its tracks. Upon seasonable

application in such a case to a court of equity, an injunction will issue, upon the ground of necessity, in order to prevent irreparable injury. *Midland R. W. Co.* v. *Smith,* 113 Ind. 233, and cases cited; *Indiana, etc., R. W. Co.* v. *Allen,* 113 Ind. 581, and cases cited; 2 Wood Railway Law, 794.

When it clearly appears that a railroad company threatens, or is about, to enter upon and take permanent possession of land, without first having in some way acquired the right to do so, and without making compensation, the right of the land-owner to an injunction must be considered as settled. High Injunctions, section 628.

The complaint under consideration makes a case within the rules above enunciated, and the demurrer to it was therefore properly overruled.

The facts as found by the court, and which seem to us to be sustained by the evidence, make it appear that the appellant railroad company owns and operates a line of railroad, under a special charter granted in January, 1846, to the Peru and Indianapolis Railroad Company.

The charter of the original company authorized it to acquire a right of way not to exceed eighty feet in width. The court found that the land in controversy was part of a quarter section formerly owned by David Foster, and that the latter had executed a written release of a right of way twenty-five feet in width across the tract to the railroad company, at the time the road was about to be constructed. In constructing its road the company graded its roadway to the width of twenty-two feet, and cut and removed the timber across the Foster tract, as well as all other lands over which its road was constructed, to the width of eighty feet.

The plaintiffs are now the owners of the land on the east side of the right of way of the railroad, claiming title by mesne conveyances through Foster, their deeds, and those of their grantors, describing their west boundary as being ten feet from the east rail of the railroad track.

The court found as a fact that a former owner of the land

gave permission to the railroad company to erect a water-tank, part of which is eastward of a line ten feet east of the track. This was erected in 1862, and has remained and been used continuously ever since. Other structures, such as a turntable, engine-house, and the like, were erected eastwardly of the line described, with the permission of the landowner, but they have since been removed. It is found that permission was given to occupy the land as above without any consideration, and that the land was to be occupied, for the purposes mentioned, at the pleasure of the owner.

With the exception of the water-tank and pump, there does not seem to have been any permanent adverse occupancy of any ground by the railroad company to the east of the line described in the plaintiffs' conveyances as forming the west boundary of their land, for a period of twenty years ; nor does it appear that any claim was ever asserted by the railroad company, except under the permission given as above mentioned, to any land eastwardly of a line ten feet east of the east rail of its track, except that it cut and removed the timber, as we have already seen, until in 1887, just prior to the commencement of this action, when it commenced laying a side-track or switch to the east, across and over the land.

Upon the facts found the court stated conclusions of law, to the effect that the railroad company was not entitled to occupy any of the ground east of the line already described, except so much as was already occupied and used by it in operating its water-tank and the wells thereon situate.

It is quite certain that if the release of the right of way executed by Foster to the railroad company had failed to specify any width, the contemporaneous entry upon the land, and the clearing and removing the timber from a strip eighty feet wide, would have been such an exposition of the meaning of the release as, *prima facie*, to establish the right of the company to a strip of ground of the width thus appropriated and occupied. *Prather* v. *Western Union Tel. Co.*, 89 Ind.

501; *Indianapolis, etc., R. W. Co.* v. *Rayl*, 69 Ind. 424; *Indianapolis, etc., R. R. Co.* v. *Reynolds*, 116 Ind. 356.

As has been seen, however, the court, upon evidence which it deemed sufficient, found that the release expressly limited the right of way granted to the width of twenty-five feet. The right of the company to occupy to the width of eighty feet, if it has such right, must therefore be predicated either upon adverse occupancy for such a length of time as to confer title upon it, which no one contends for, or it must rest upon the doctrine of estoppel or acquiescence. Of course if the railroad company entered upon the land under a parol license from the owner, and expended money in the construction of buildings, or other conveniences for the conduct of its business, with the understanding that it was to have the right to use or occupy the ground permanently at its pleasure, it would now be too late to withdraw the license and enjoin the company from using the land. One person is not permitted to deny a state of things which his previous admission or silence induced another to believe existed, and upon which the other proceeded to act or expend money; nor can a landowner stand by until the construction of a railroad progresses so far that the public interest becomes involved and then arrest its further operation by appealing to the courts. *Louisville, etc., R. W. Co.* v. *Soltweddle*, 116 Ind. 257; *Morgan* v. *Railroad Co.*, 96 U. S. 716; *Midland R. W. Co.* v. *Smith, supra; Indiana, etc., R. W. Co.* v. *Allen, supra.*

The facts found do not afford any basis upon which to rest an estoppel *in pais.*

It is quite true a former owner had given permission to the railroad company to occupy his land adjacent to the right of way with a turn-table and some other structures convenient for the company's use. But with the exceptions already mentioned, these had all been removed years before the Lake Erie and Western acquired the road, and the permission was to be at the pleasure of the owner. It can not be assumed that by consenting to the erection of the structures mentioned,

for the purposes for which they were designed, the land-owner thereby estopped himself and his grantees, after the company had abandoned the land, from asserting their right and title when the railroad company proposed again to appropriate not only the particular parcels formerly occupied, but in addition thereto a strip of a defined width across the entire tract.

There was no error. The judgment is affirmed with costs.

Filed Feb. 16, 1889; petition for a rehearing overruled April 25, 1889.