The Hoosier Stone Company *et al. v.* Malott *et al.*

Filed Dec. 10, 1891.

---

No. 15,351.

The Hoosier Stone Company et al. *v.* Malott et al.

Way.—*Use by Strangers.— Diversion of Use.*—The grant of the right to transport stone from a designated tract of land over a certain tract owned by the grantor, can not be used with the permission of the grantee by a third person for the purpose of carrying stone quarried in another tract of land.

Pleading.—*Allegations of Ownership.—Sufficiency as to.*—See opinion.

From the Lawrence Circuit Court.

*M. F. Dunn* and *G. G. Dunn*, for appellants.

*N. Crook* and *J. E. Boruff*, for appellees.

OLDS, J.—The facts as found by the court in this cause are, in substance, as follows :

On the 19th day of December, 1883, the appellees, Josie F. Malott and John E. Malott, and the appellant William E. Malott were the owners of the southeast quarter of the southeast quarter of section 33, township 6 north, range 1 west, in Lawrence county, Indiana; also other lands intervening between said tract in section 34, same township and range, and the Louisville, New Albany and Chicago railroad, which ran through said section 34. On said day they sold and conveyed to the appellant the Hoosier Stone Company, in consideration, of $3,000, by warranty deed, said first-described forty-acre tract of land, together with a right of way for a railway switch track from the line of said railroad over the said lands of the appellees and said William E. Malott, in said section 34, to said forty-acre tract conveyed as aforesaid, and pursuant thereto put said Hoosier Stone Company in possession thereof. The Hoosier Stone Company constructed a railroad switch from said railroad to said forty-acre tract so conveyed to it, which it has since used in conveying its stone quarried on said forty-acre tract to said railroad, and over which said switch said railroad company has conveyed its cars in transporting said stone so quarried on said forty acres, at the instance of said Hoosier Stone Company. On the 1st of February, 1889, the Hoosier Stone Company, without the knowledge or consent of appellees, and for a valuable consideration, subleased and conveyed to appellants Gilbert and Henry Perry, Frederick, William and Sarah Mathews and Phillip N. Buskirk the right to pass over and use said switch and way and to transport their stone over the same, said parties being engaged in quarrying stone in considerable quantities on lands of their own adjacent to said forty-acre tract so sold to the Hoosier Stone Company, and the sublessees have ever since, almost daily, had their stone conveyed over said switch by means of locomotives and cars of the Louisville, New Albany and Chicago

Railroad Company, and they claim the legal right, by reason of the facts aforesaid, to continue so to do, and the Hoosier Stone Company claims the right to sublease said right of way, and denies the right of the railroad to run over said switch, except as licensed so to do by said Hoosier Stone Company.

The appellees filed their complaint in this action, alleging the facts in detail, and describing the land, asking that the lessees of the stone company be perpetually enjoined from the further use of the switch and right of way, and for damages.

The appellants demurred to the complaint. The demurrer was overruled, and exceptions were reserved, and this ruling is the first error assigned and discussed. It is urged by counsel for the appellants that the complaint is not sufficient, for the reason that it does not allege that the appellees were the owners of the land at the time suit was commenced, but no authorities are cited in support of this contention. It alleges the ownership of the land at the time of the conveyance of the forty acres and the right of way to the appellant the Hoosier Stone Company, and the conveyance of the same to the company ; that the same was granted for the purpose of permitting said company to convey the products of their stone quarry on said forty acres to the railroad, and for no other purpose ; the subletting of the same to the other appellants, and denies the right of the company to sublease the same. We think the complaint sufficient to withstand a demurrer.

The next alleged error complained of is the sustaining of appellees' demurrer to the second paragraph of appellants' answer. The first paragraph is a general denial. The second paragraph alleges that the appellant the Hoosier Stone Company holds title to said way by warranty deed from the appellees and William E. Malott, and the use of the way by the other appellants is by its authority and by virtue of the stone company's right to the way. This presents the

principal question in the case, as to what rights the stone company acquired by the conveyance of the way, and what it may be used for and by whom. The complaint sets out the conveyance, and the answer alleges the conveyance, and claims a right on the part of the company to use the way itself, and to authorize a general use of it by others to convey the products of their stone quarries upon other lands than the forty acres so conveyed to the stone company. Private ways are either appendant or in gross. Ways appendant are incident to an estate; they inhere in the land, concern the premises, and pertain to its enjoyment, and pass with the land. Ways in gross attach to and vest the right in the person to whom granted. *Alley* v. *Carleton*, 94 Am. Dec. 260; *Davidson* v. *Nicholson*, 59 Ind. 411; *Moore* v. *Crose*, 43 Ind. 30; *Sanxay* v. *Hunger*, 42 Ind. 44; *Fankboner* v. *Corder*, 127 Ind. 164; *Harding* v. *Cowgar*, 127 Ind. 245. Ways in gross can not be assigned or granted to another.

The conveyance in this case by warranty deed conveyed the forty acres of land, and with it designated also a right of way for a railway switch across other lands to the Louisville, New Albany and Chicago Railroad. No separate consideration was stipulated for the way. The consideration for the forty acres and the way was in gross. It constituted a grant of the forty acres and a way across the other land from such tract to the railroad. It was a grant of a way appendant, and is incident to the estate of the company in the forty acres. It inheres in the land, and concerns the premises, and pertains to the enjoyment of the same.

It is held that where land is granted with a right of way, that right is appurtenant to every part of the land thereafter granted. *Watson* v. *Bioren*, 7 Am. Dec. 617.

The way is granted for the benefit of the particular land, and its use is limited to use in connection with the enjoyment of such land. Such a way can not be converted into a public way without the consent of the grantors, and the grantors have the right to rely on its use being limited to the purpose

The Hoosier Stone Company *et al. v.* Malott *et al.*

for which it is granted ; or, in other words, its legal use, and can prevent the use of the way for purposes not authorized.

If, as contended by the appellants, the Hoosier Stone Company has the right to sublease or to permit the use of it by its co-appellants for the transportation of the products of their stone quarry situate upon other lands, it may extend such use to others, or permit its use for general public traffic. This would be entirely inconsistent with the rule of law governing the use of private ways.

The appellants also contend the court erred in sustaining the appellees' demurrer to the third paragraph of appellants' answer.

This paragraph attempts to plead an estoppel, by alleging that the sublessees had expended a large sum of money in constructing and extending the switch from its *terminus* on the lands of the Hoosier Stone Company to their quarry on adjacent lands, and that the appellees had knowledge of the doing of the work and expending of the money, and alleges that the stone company at the time had a warranty deed for the way, and had taken possession of the same under the deed. The construction of the switch across the way over the forty-acre tract owned by the stone company was proper use of it. The appellees had no right to stop or interfere with its construction. It is not shown that they did any act, or in any way authorized the construction of the same beyond and over the lands of the other appellants ; and, indeed, appellees had no right to interfere with its construction if they had knowledge of it.

The appellants show by the averments of the answer that they had knowledge of the warranty deed to the stone company, and they were bound to take knowledge of the legal effect of the same, and the rights of the stone company under it. The facts pleaded fall far short of a good plea in estoppel. *First Nat'l Bank* v. *Williams,* 126 Ind. 423.

The only remaining question presented arises on the exceptions to the conclusions of law, but what we have said in

passing upon the question presented by the ruling on the demurrer to the second paragraph of answer fully disposes of the questions presented by the exceptions to the conclusions of law, for if the appellant the Hoosier Stone Company had no right to sublet and authorize the use of the way by adjacent land-owners to transport the stone from their quarries, then the conclusions of law stated by the court are correct.

There is no error in the record.

Judgment affirmed, with costs.

Filed Dec. 10, 1891.