The Louisville, New Albany and Chicago Railway Co. *v.* Malott *et al.*

Filed Sept. 22, 1893.

———————◆———————

No. 16,272.

THE LOUISVILLE, NEW ALBANY AND CHICAGO RAILWAY COMPANY *v.* MALOTT ET AL.

RAILROAD.—*Conveyance of Land.*—*Stone Quarry.*—*Right of Switch Way to.*—*Way Appurtenant to Land Conveyed.*—*Can be Used for no Other Purpose without Liability for Damages.*—Where a conveyance is as follows: "This indenture witnesseth that William P. Malott *et al.* * * convey and warrant to the Hoosier Stone Company * * the following real estate: * * The southeast quarter of the northeast quarter of section thirty-three, township six north, range one west * * with a right of way for railway switch-track, from line of the Louisville, New Albany and Chicago Railway to said lands, over lands of grantors, in section thirty-four, same township and range," the way is appurtenant to the forty-acre tract, the stone

company can use it only as appurtenant to that tract, and the railway company has no rights in the way not granted to the stone company, and, without the consent of the grantors, could make no use of it, except as agents of the stone company and in connection with the stone company's use of its said forty-acre tract, and for any other use by the railway company it is liable in damages to the grantors.

DAMAGES.—*Measure of.—How Determined.—Railroad.—Real Estate.*— Where it is shown that a railroad company, by its unlawful use of a switch-way, has injured the rental value of the land affected by the switch, $100 a year for six years, making the total damages $600, the manner of arriving at the damages is reasonable and proper.

From the Monroe Circuit Court.

*E. C. Field* and *W. S. Kinnan,* for appellant.
*N. Crooke* and *J. E. Boruff,* for appellees.

HOWARD, J.—In 1883, the appellee, Josephine F. Malott, and others, as stated in appellant's brief, conveyed to the Hoosier Stone Company a tract of land in Lawrence county, removed from the main line of appellant's railroad, about three-fourths of a mile. Appellees also owned at this time the land situated between the main line of railroad and the land conveyed to the Hoosier Stone Company, and in the deed of conveyance to the Stone Company conveyed a right of way over the intermediate lands.

The words of conveyance are as follows:

"This indenture · witnesseth, that William P. Malott and Florence O. Malott, his wife, and John E. Malott and Josie F. Malott, his wife, of Lawrence county, in the State of Indiana, convey and warrant to the Hoosier Stone Company, of Lawrence county, in the State of Indiana, for the sum of three thousand dollars, the following real estate, in Lawrence county, in the State of Indiana, to wit: The southeast quarter of the northeast quarter of section thirty-three, town. six north, range one west, containing forty acres, more or less, together

The Louisville, New Albany and Chicago Railway Co. *v.* Malott *et al.*

with a right of way for railway switch-track from line of the Louisville, New Albany and Chicago Railway to said lands over lands of grantors, in section thirty-four, same township and range.''

The railway switch-track was put in right after the deed was executed. The stone company opened up a quarry, and have ever since been shipping stone over said track, on appellant's cars, to the different markets of the country.

On the first day of November, 1890, appellees filed their complaint against appellant, stating the foregoing facts, and averring that said right of way was ''appurtenant to said forty-acre tract,'' and ''for the purpose of enabling said Hoosier Stone Company to transport its stone quarried upon said forty-acre tract of land to market, and for no other purpose, and for the use of the Hoosier Stone Company only.''

The complaint further avers, that appellant, the Louisville, New Albany and Chicago Railway Company, without right or any authority whatever from appellees, has been for the past six years, and now is, using said switch and right of way for its own purposes, and for railroad purposes generally, and especially for general switching purposes; that said railway company has been, during said period, and now is, switching off trains, often long freight trains, on to said switch and right of way, and allowing them to remain there for a long period of time while waiting for other trains to pass on the track. And said railway company is now, and has been, in the habit of switching on to said switch and right of way great numbers of freight cars coupled together, for days at a time, thus blocking up the pass-ways of appellees from one part of their farm to another, which is situate upon each side of said switch.

The complaint further states, that said use, so made

by said railway company of said switch, is not so done in carrying and transporting the stone of said Hoosier Stone Company from its quarry to market, but for its own separate use and benefit. Claiming damages in the sum of three thousand dollars, and praying that said railway company be enjoined from further making such unauthorized use of said switch and right of way, or any other use than transporting the products of said Hoosier Stone Company on said forty-acre tract to market or to appellant's said track.

A demurrer to the complaint was overruled, which ruling is assigned as error. An answer in general denial having then been filed, the cause was submitted to the court, and the court, on request of appellant, found the facts specially, and its conclusions of law thereon. The court found the facts substantially as stated in the complaint, and found that the rental value of appellee's farm was depreciated one hundred dollars per year, by reason of the unauthorized uses of the switch-track right of way by appellant.

From the facts found, the conclusions of law were as follows: "As a conclusion of law I find for the plaintiff, and assess plaintiff's damages at the sum of six hundred dollars, and that defendants be enjoined from the use of said switch, except for the purpose of transporting the stone from said quarries, and all the necessary incidents thereto."

Appellant excepted to the conclusions of law, and also to the overruling of her motion for a new trial, both of which rulings of the court are assigned as errors. Afterwards judgment was rendered and a decree entered perpetually enjoining appellant from the use of said right of way, except in the business of removing stone quarried on the Hoosier Stone Company's said forty acre tract.

While appellant assigns several errors, the argument

of counsel is confined to a discussion of the theory and sufficiency of the complaint and to the correctness of the mode by which the court arrived at the measure of damages.

Counsel in their brief admit that during the period of time after the construction of the railway switch track, and before the bringing of this suit, that is, about six years, "it is without dispute that the appellant was continuously carrying stone products from said stone quarry, and for a year or two before the bringing of the suit also carried the stone product of one or two other quarries opened up beyond the quarry of the Hoosier Stone Company; that it has used the track to switch passing trains, both freight and passenger, meeting at this point, and has often stood cars and trains of cars not in immediate use on said track for storage."

Many of the questions discussed in this case have, in effect, been already decided by this court in the case of *Hoosier Stone Co.* v. *Malott*, 130 Ind. 21. The appellees, in that case, were substantially the same persons as the appellees in this case, and in their complaint against the Hoosier Stone Company they alleged substantially the same facts as stated in the complaint in the case at bar. They further alleged, in their complaint in that case, that the Hoosier Stone Company had, without their knowledge or consent, sublet to other parties the right to carry the stone product of other quarries over said railway switch-track in the cars of the Louisville, New Albany and Chicago Railway Company, and asked that the lessees of said stone company be perpetually enjoined from the further use of the said switch and right of way, and for damages. This court held the complaint good.

The court further held in that case that the deed, which is the same deed named in this case, "constituted a grant of the forty acres, and a way across the other land from

such tract to the railroad. It was a grant of way appendant, and is incident to the estate of the company in the forty acres. It inheres in the land, and concerns the premises, and pertains to the enjoyment of the same. * * * The way is granted for the benefit of the particular land, and its use is limited to use in connection with the enjoyment of such land. * * * The grantors have the right to rely on its use being limited to the purpose for which it is granted * * * and can prevent the use of the way for purposes not authorized.''

This reasoning applies with all its force to the case before us, and disposes of all alleged errors as to the sufficiency of the complaint, as to the ruling on the demurrer and as to the conclusions of law on the facts found by the court. The way is appurtenant to the forty-acre tract; the stone company can use it only as appurtenant to that tract, and the appellant railway company has no rights in the way not granted to the stone company. In truth, so far as disclosed in the record, the railway company has no right whatever to the use of the right of way; and, without the consent of appellees, could make no use of it, except as agent of the stone company and in connection with the stone company's use of its said forty-acre tract.

The court arrived at its finding of the damage done appellees' farm, by evidence given as to the rental value of the farm with the right of way used only in connection with the forty-acre tract, and the rental value with the right of way used by the appellant for its own purposes in addition to its use in connection with that tract. Taking the right of way used only in connection with the forty acre tract, the evidence showed the annual rental to be worth $300; and, when used as the appellant company had used it for its own purposes, the evidence showed the annual rental to be worth $200. The

difference is $100, and for six years $600, which the court concluded to be the damage suffered by appellees. We think this was a reasonable and proper manner of arriving at the amount of the damages.

We find no error in the record.

The judgment is affirmed.

