## IMPLIED RESERVATION OF EASEMENT.

Common Pleas Court of Franklin County.

JAMES McCABE v. CHARLES H. FROSS ET AL.

Decided, April 13. 1908.

*Easements—Implied Reservation of—Brick Walk Leading to Side Entrance not a Necessity—Question of Necessity Determinable from Circumstances.*

1. An implied reservation of an easement by a grantor in lands granted to another, which is beneficial to the grantor and injurious to his grantee and could well have been guarded against by specific reservation, must be founded, under the rule of construction that a grantor can not derogate from his own grant, upon a real and reasonable necessity determinable by the court from the facts and circumstances of each case.

2. In a closely built city where houses are commonly placed side by side with adjoining walls, a side entrance to a residence having the full width thereof open on the street in front and an alley in the rear, is simply an additional convenience, not amounting to such a necessity as will imply a reservation of an easement in a brick walk leading to such entrance on an adjoining lot conveyed by grantor without any reservation in his deed of such right to the grantee.

*Marriott, Belcher & Connor,* for plaintiff.
*Sater, Seymour & Sater,* contra.

DILLON, J.

The plaintiff is the owner of lot No. 374 of Collins et al's addition to the city, on which is a seven-room frame house, known as No. 1102 Michigan avenue. The defendants are the owners of lot No. 375 which adjoins this property on the south. These two lots in 1872 were owned by one Hillhouse, but in 1877 he conveyed the lots to one Henderson. At the time of this conveyance, according to the evidence of Henderson's widow, there was a house and a barn upon the lot now owned by the plaintiff and there was at that time a brick walk about three feet wide on the south side of said house, being located upon lot No. 375, then vacant, and which has since been purchased by the defendants. Henderson and his widow continued to occupy said premises and to own both lots until 1897, when he conveyed lot No. 375 by a general warranty deed to one Fielding, and by mesne conveyances since that time and by warranty deeds the defendants became the owners of said lot No. 375 in December, 1907, and erected a brick dwelling thereon. The brick walk continued to be used by Henderson and later on by the plaintiff during all the time mentioned. The defendant is about to close the same and exercise exclusive ownership over it. There is no contention as to the fact that the brick walk is not upon the plaintiff's land at all, but is on defendant's lot No. 375, and plaintiff's claim is, that he has an easement over the same which remains as an appurtenant to his lot No. 374, the claim being that the said easement exists by necessary implication for a reasonable use of his lot. The plaintiff's residence is of the usual kind fronting upon the street and the lot runs to the rear where it has an entrance on an alley. The plaintiff asks for a temporary

restraining order and upon final hearing that the injunction against the closing of said three-foot strip be made permanent.

The fact that the continuous use and occupation of this three-foot strip was made by the owner, Henderson, up to the year 1897, when he was the owner of both lots, disposes of any claim which might be made of a title by adverse possession, and the plaintiff's claim is based solely upon an implied reservation of Henderson when he deeded away lot No. 375. There seems to be no dispute between counsel or courts that a continuous and apparent easement or *quasi* easement is impliedly reserved where it is apparently and reasonably necessary to the enjoyment of the property retained. Many courts make a distinction, however, holding that the easement is reserved by implication in the case of a grant, only when it is strictly necessary to the enjoyment of the property retained; this rule being founded on the principle that a grantor shall not derogate from his own grant. And the reasoning is strong, that when a man grants a thing he must be considered as granting that which is necessary in the proper sense of the word for the enjoyment of that which he grants and he can not derogate from his own grant; he can not do that which will destroy or render less effectual that which he has granted. But the doctrine involved here pertains to a reservation which stands on a little different principle, it being the policy of the law that the grantor may reserve to himself in entirety that which may be beneficial to him but which may be most injurious to his grantee and which he could well have guarded against in his grant by making a specific reservation. Thus it is said that the grantee may take the language of a deed most strongly in his favor, the law implying an easement in his favor more readily than it will in favor of a grantor, and this distinction may possibly explain some of the apparent inconsistencies in the application of the doctrine as we find it in the reported cases. Some courts have held that the implied right-of-way or easement must be one of real necessity; others adopt the holding of *Moore* v. *Crose,* 43 Ind., 30, which holds that the way must be "essentially" necessary.

The Ohio rule if formulated into one at all would be based upon the case of *National Exch. Bank* v. *Cunningham,* 46 Ohio

St., 575, and the two cases of *Baker* v. *Rice,* 56 Ohio St., 463, and *Meredith* v. *Frank,* 56 Ohio St., 479, and that rule I would easily deduce to be, that the necessity must not only be a real necessity but also a reasonable necessity. Just what constitutes a reasonable necessity and real necessity it has been over and over again held by the courts must depend upon the facts and circumstances as presented by each case. It would be impossible for a court to determine the exact degree of necessity that ought to be required to support the right to the easement.

In the case at bar we must concede that the house and lot of the plaintiff without this easement did have an opening upon the street the full width of the house and a like opening upon the back of the lot at the alley. This is not at all uncommon. Hundreds and even thousands of houses perhaps in this city alone are built side by side with walls adjoining and have no side entrance from the front at all. The necessity, therefore, for this easement is not such a necessity as is recognized in law as amounting to an implied reservation of an easement. It is simply an additional convenience, and no cases can be found which will imply the reservation as against a distinct and unqualified grant of any such easement as a matter of convenience nor because it will be more convenient to have such a right-of-way than without it. It was clearly within the power of the former owner of both these lots to have deeded away the full lot and he could scarcely have used any language different from that in the deed in doing so; the grantee, therefore, was not bound by any apparent or obvious necessary right-of-way to anticipate this burden upon his property and I find no cases which have held a reasonable necessity to apply to a case of this kind. There is no reference to such a reservation in the deed itself and the situation is not one which falls within any other cases cited by counsel for plaintiff or which the court has been able to find. And having reference to the manner of building residences in the city it would be unnatural and strained indeed for a court to hold that the three-foot brick walk was impliedly reserved in the absolute warranty deed made of the same to another person. The application for a temporary restraining order must therefore be denied.