,WELLER, Respondent, vs. HEIMBRUCK, Appellant.

*February 2—February 21, 1911.*

*Easements: Obstruction of private way: Damages.*

Where, by the wrongful obstruction of a lane through which he had a right to travel, one has been deprived of access to his farm land which he was using himself, his right to recover is not limited to the difference between the rental value of the land with the lane open and its rental value with the lane closed, but he is entitled to fair and reasonable compensation for his actual loss proximately caused by the wrongful act, including loss of the use of the land and loss of crops and pasturage.

APPEAL from a judgment of the circuit court for Waupaca county: CHAS. M. WEBB, Circuit Judge. *Affirmed.*

The plaintiff was the owner of sixty acres of land which was segregated from the remainder of his farm and was not accessible from any highway. By deed of conveyance he secured a right to travel over a space of one rod on the east side of the northwest quarter of the southwest quarter of section 25, township 23 north, of range 13 east. Through such alley plaintiff was enabled to reach the sixty-acre tract referred to. This tract was used mostly for pasture, a portion of it being suitable for potatoes. On June 18, 1907, the defendant, who owned the aforesaid northwest quarter of the southwest quarter of section 25 subject to said easement, nailed up the gate at the entrance of the lane and forcibly prevented plaintiff from driving his stock through the same and forbade the plaintiff any further use thereof. On September 21, 1907, plaintiff commenced an action to recover damages sustained by him by reason of the closing up of the lane, and obtained a judgment in such action. The present action was brought to recover damages sustained by the plaintiff by reason of the closing of said lane after September 21, 1907, and resulted in a verdict and judgment for the plaintiff for $145 damages. This appeal is taken from such judgment.

For the appellant the cause was submitted on the brief of *R. N. Van Doren.*

For the respondent there was a brief by *E. L.* and *E. E. Browne,* and oral argument by *W. E. Fisher.*

BARNES, J. Errors are assigned on the charge of the court and on rulings on the admission of testimony. The court charged the jury, among other things, that the evidence conclusively established the fact that the defendant wrongfully and unlawfully denied plaintiff's right to use the alley or lane referred to in the statement of facts and also prevented him from using the same. The defendant contends that the evidence presented a question of fact on this point which

should have been submitted to the jury for determination. We think the court was clearly right in instructing the jury as it did, and that there was no evidence from which the jury might have found that the defendant did not obstruct the alley or did not prevent the plaintiff from using the same during the period of time covered by the complaint.

The court further instructed the jury that the plaintiff was entitled to recover such damages for the "loss of use of said land, and loss of crops and pasturage, as you shall from the whole evidence believe he suffered by reason of having been during said time by the defendant so denied and deprived of his right to pass to and from his said land, and by reason of his inability, because thereof, to go upon, cultivate, crop, use, and pasture said land."

Evidence was introduced by the plaintiff, and received under objection, tending to show the amount of damage which he sustained by reason of being deprived of the use of his land. It is contended that the court did not correctly state the rule of damages applicable to the case and also that it erred in admitting evidence tending to establish such damages. If the correct rule was given, then no material error was committed in receiving the evidence to which exception was taken. So the only question which it is necessary for this court to consider is whether the portion of the charge quoted is erroneous.

The plaintiff was wrongfully deprived of the use of his land. His actual loss was the value of the use which had been taken from him. He was entitled to such damages as naturally and proximately resulted from the act complained of and such as would fairly and reasonably compensate him for the wrong which he suffered. *Tuttle v. Walker,* 46 Me. 280; *Rogers v. Stewart,* 5 Vt. 215; *Bannon v. Romeiser,* 17 Ky. Law Rep. 1378, 34 S. W. 1084; *Allison v. Chandler,* 11 Mich. 543; *Gilson v. Fischer,* 68 Iowa, 29, 25 N. W. 914; *Freeman v. Sayre,* 48 N. J. Law, 37, 2 Atl. 650; *Broussard*

*v. S. & E. T. R. Co.* 80 Tex. 329, 16 S. W. 30; *Hayden v. Albee,* 20 Minn. 159; *Emery v. Lowell,* 109 Mass. 197; *Mayor, etc. v. Small,* 108 Ga. 309, 323, 34 S. E. 152; *Anderson v. C., M. & St. P. R. Co.* 85 Minn. 337, 88 N. W. 1001; *Berger v. Minneapolis G. Co.* 60 Minn. 296, 62 N. W. 336; *Larson v. Lammers,* 81 Minn. 239, 83 N. W. 981; *Scanland v. Musgrove,* 91 Ill. App. 184; *Louisville, N. A. & C. R. Co. v. Malott,* 135 Ind. 113, 34 N. E. 709.

The appellant contends that plaintiff's recovery should be the difference between the rental value of the premises with the lane open and their rental value with the lane closed, and a number of cases are cited in support of such rule. Some of these cases are not tort actions, but relate to breaches of covenants contained in leases. Such are *Kellogg v. Malick,* 125 Wis. 239, 103 N. W. 1116; *Hunter v. Hathaway,* 108 Wis. 620, 84 N. W. 996; and *Shaft v. Carey,* 115 Wis. 155, 83 N. W. 288. The case of *Carl v. S. & F. du L. R. Co.* 46 Wis. 625, 1 N. W. 295, was an action for trespass, and the court held that the value of the use of that part of the street occupied by the railway company was not the measure of the plaintiff's damages, for the very good reason that in that particular case such damages would not compensate him for the loss which he actually sustained. In the other Wisconsin cases cited, *Nelson v. Churchill,* 117 Wis. 10, 93 N. W. 799, and *Miller v. Neale,* 137 Wis. 426, 119 N. W. 94, damages were allowed commensurate with the loss actually suffered. If the plaintiff kept the premises for rent, the rule contended for by the appellant might well furnish adequate compensation. But he was using the premises himself, as he had the right to do, and should be paid what that use was reasonably worth to him. We find no prejudicial error in the record.

*By the Court.*—Judgment affirmed.