Cummings *et al. v.* Girton.

---

Cummings et al. *v.* Girton.

[No. 2,330. Filed February 3, 1898.]

PLEADING.—*Demurrer.—Carrying Demurrer to Answer Back to Complaint.*—Where an answer is held good on demurrer the defendant cannot successfully urge on appeal that the court erred in not carrying the demurrer back to the paragraph of complaint to which the answer was addressed. *pp. 250, 251.*

SAME.—*Complaint.—Bills and Notes.—Failure to Set Out Copy of Indorsement.*—The failure of a complaint in an action on a promissory note against the maker and indorser to contain a copy of the indorsement may be cured by the evidence, and, where the complaint is questioned for the first time by assignment of errors on appeal, such defect will be held cured by the finding and judgment, if the complaint contains sufficient facts to bar another action for the same cause. *pp. 250, 251.*

SAME.—*Variance.—Bills and Notes.—Attorney's Fees.*—Where a note sued on provided for attorney's fees, and the note set out in the finding provides for five per cent. attorney's fees, while the court in the judgment allowed more than five per cent., such variance is not material within the meaning of sections 394, 395, Burns' R. S. 1894 (391, 392, R. S. 1881), providing that no variance between the allegations in a pleading and the proof shall be deemed material, unless it has actually misled the adverse party, and that in such case the court may order an amendment, as such amendment will be deemed to have been made. *p. 251.*

From the Marion Superior Court. *Affirmed, conditionally.*

*William V. Rooker,* for appellants.

*H. J. Everett* and *C. H. Everett,* for appellees.

ROBINSON, C. J.—From the special finding of facts it appears that on the 13th day of July, 1892, Hugh W. White executed to Matthew M. Cummings the following promissory note:

"$60.00.          Indianapolis, Ind., July 13th, 1892.

Four months after date, I, we or either of us promise to pay to the order of M. M. Cummings, sixty dollars and five per cent. attorney's fees and interest at eight per cent. per annum after maturity until paid. Negotiable and payable at the Indianapolis National Bank, value received, without any relief from valuation and appraisement laws. The drawers and indorsers severally waive presentment for payment, protest and notice of protest and non-payment of this note.
                              [Signed.]   H. W. White."

That Cummings indorsed his name on the back of said note and afterwards White delivered the note to W. I. Ripley and received the full consideration thereof, that before the maturity of the note, Charles Girton, for a valuable consideration, purchased said note from Ripley who indorsed the same; that shortly after the maturity of the note White paid to Ripley eight dollars in tailoring work to get him to have Girton to "hold off" from suit; that some time thereafter Ripley paid Girton one dollar and twenty cents on interest past due and requested Girton to forbear suit, but Girton refused to do so; that during the time since the maturity of the note up to bringing suit, on the 16th day of March, 1895, Girton made frequent demands of both White and Cummings for the payment of the same; that at no time did Girton as owner of the note or otherwise agree to extend the time of

payment of said note to White or Ripley; that there is due on the note in principal, interest and attorney's fees, $81.15.    The court stated as a conclusion of law that the law is with the plaintiff, and that he should recover said sum.

The suit was commenced before a justice of the peace.    The sufficiency of the complaint is questioned for the first time in this court.    The evidence has not been brought into the record.    It is argued that the complaint is insufficient for the reason that it does not set out either the original indorsement of Cummings, or a copy, and contains no reference to either the original or a copy.    The complaint alleges that the "note was indorsed by said Matthew M. Cummings under the name and style of 'M. M. Cummings' to the said defendant William I. Ripley."    Appellant Cummings answered with the general denial, and, in his second paragraph of answer, that he executed the note as surety and that without his knowledge or consent after the maturity of the note the time of payment was extended one year.    A demurrer to the second paragraph of answer was overruled.    Appellants' counsel contends that the complaint is bad, and that the court should have carried the demurrer back and sustained it to the complaint.    But this question has been decided against appellants' contention.    The doctrine has been established in this State that, "where a defendant's answer is held good on demurrer, he cannot successfully urge on appeal that the court erred in not carrying the demurrer back to the paragraph of the complaint to which the answer was addressed."    *Gilbert* v. *Baker*, 106 Ind. 558, and cases there cited.

Even if we should conclude that the complaint fails to set out the indorsement, yet it would be such a defect as could be supplied by the evidence; and in

Cummings *et al.* *v.* Girton.

such case, where the complaint is questioned for the first time by an assignment of error in this court, such defect will be held cured by the finding and judgment, and if the complaint contains enough to bar another action for the same thing it will be held good. *Warden* v. *Nolan*, 10 Ind. App. 334.

The note sued on provides for attorney's fees, while the note set out in the finding provides for five per cent. attorney's fees.    In the judgment, the court allowed as attorney's fees more than five per cent.    Appellants' counsel argue that this is a variance between the finding and the complaint, and that the amount of recovery is too large.

The code provides that "No variance between the allegations in a pleading and the proof is to be deemed material, unless it has actually misled the adverse party, to his prejudice, in maintaining his action or defense upon the merits."    Section 394, Burns' R. S. 1894.    "Where the variance is not material, as provided in the last section, the court may direct the fact to be found according to the evidence, or may order an immediate amendment, without costs."    Section 395, Burns' R. S. 1894.

We do not think the variance material within the meaning of the above sections, and as the complaint might have been amended in the court below to correspond to the proof, such amendment will be deemed to have been made.    See section 670, Burns' R. S. 1894; *Davis* v. *Doherty*, 69 Ind. 11; *Steinke* v. *Bently*, 6 Ind. App. 663; *Bristol Hydraulic Co.* v. *Boyer*, 67 Ind. 236.

Under the findings the court could allow no more than five per cent. attorney's fees.    Allowing five per cent. attorney's fees the judgment should have been rendered for $78.31 instead of for $81.15.    The amount of the recovery is too large in the sum of $2.84.

If appellee will within thirty days remit $2.84 of said judgment as of its date, the judgment will be affirmed at appellee's costs, otherwise the judgment is reversed at appellee's costs with instructions to sustain appellant's motion for a new trial.