SEARLES ET AL. *v.* LITTLE, ASSIGNEE, ETC.

[No. 18,677.   Filed November 3, 1899.]

ASSIGNMENT FOR BENEFIT OF CREDITORS.—*Fraudulent Conveyances. —Action by Trustee.*—A complaint by a trustee to set aside a conveyance as fraudulent, which alleges the ownership of the land by assignor, the fraudulent transfer of same, his subsequent voluntary assignment, the appointment and qualification of plaintiff as trustee, the existence of a large amount of indebtedness at the time of the execution of the deed, which remains unpaid, and that assignor had not at the time of the transfer, or afterwards, sufficient other property to pay his just debts, states facts sufficient to constitute a cause of action; and further averments as to the vesting of the title to the lands in the trustee, and that the deed so executed was a cloud on the title of the trustee may be rejected as immaterial. *p. 434.*

APPEAL AND ERROR.—*Assignment for Benefit of Creditors.—Fraudulent Conveyances.—Action by Trustee.—Complaint.*—An objection that the deed of assignment for the benefit of creditors was not filed as an exhibit with the complaint in an action by the trustee to set aside an alleged fraudulent conveyance made by assignor cannot be presented for the first time on appeal under the assignment that the complaint does not state facts sufficient to constitute a cause of action.  *p. 435.*

ASSIGNMENT FOR BENEFIT OF CREDITORS.—*Fraudulent Conveyances.—Action by Trustee.*—A trustee for the benefit of creditors is the representative of all of the creditors of the assignor, and an action brought by him to set aside a conveyance as fraudulent is in character and legal effect the same kind of a suit as the creditors themselves might have brought to subject the property to the payment of their debts if the assignment had not been made. *p. 435.*

NEW TRIAL OF RIGHT.—*Action to Set Aside Conveyance as Fraudulent.*—The statute granting new trials as of right does not apply to actions to set aside fraudulent conveyances and to subject the lands to the payment of claims of creditors. *p. 435.*

SAME.—*Action to Set Aside Conveyance as Fraudulent.—Appeal and Error.*—No question can be presented on appeal as to the right of a cross-complainant, in an action to set aside a conveyance as fraudulent, to a new trial as of right, where the court made no finding or judgment on the cross-complaint. *p. 436.*

From the Delaware Circuit Court. *Affirmed.*

*J. W. Ryan* and *W. A. Thompson,* for appellants.

*R. S. Gregory, A. C. Silverburg, O. J. Lotz* and *G. H. Koons,* for appellee.

DOWLING, J.—The only questions to be determined on this appeal are the sufficiency of the complaint and whether the appellants were entitled to a new trial as of right.

The complaint alleges in substance, that on the 21st day of August, 1889, Ezra Searles, one of the appellants, made a deed of voluntary assignment in proper form to the appellee for the benefit of all his creditors, purporting to convey all of his property, real and personal; that said deed was duly recorded and that a copy of the same together with a schedule of his property was filed in the office of the clerk of said county; that said appellee accepted the said trust and was duly qualified; that said trustee was authorized, by the court in which said proceeding was pending, to institute an action against the appellants Ezra Searles, and Mary E. Searles his wife, to set aside certain conveyances of real estate made and procured by the said Ezra Searles, and alleged to be fraudulent. The complaint then avers that on

the 19th day of August, 1889, the said Ezra Searles was justly indebted to divers persons in large amounts; that said Searles was, on said day, the owner of certain lots and lands situated in Delaware county, Indiana, and particularly described in the complaint, of the aggregate value of $9,000; that on said day, the said Ezra and Mary E. Searles, with the fraudulent intent to cheat, hinder, and delay the creditors of the said Ezra, and for the purpose of placing said real estate beyond the reach of said creditors, without any consideration, executed two deeds of general warranty, conveying said real estate to one Otis Parsons, a brother of the appellant Mary E. Searles, who, with like fraudulent intent, at the instance of the appellants, without consideration, conveyed one part of said real estate to the said Ezra Searles and Mary E. Searles, his wife, jointly, and the remainder thereof to the said Mary E. Searles. That the property so conveyed was by said Ezra Searles omitted from his deed of assignment, and the schedule filed therewith; and that, at the time of the execution of the said deeds, the said Ezra Searles had not, nor has he since had, other property sufficient to pay his debts. Prayer, that the conveyances so made be set aside, and that the real estate be declared subject to sale to pay the debts of the said Ezra Searles.

The complaint contains a great deal of surplusage, but, omitting its prolix and unnecessary averments, it sufficiently charges the ownership of the lands by Ezra Searles; the fraudulent transfer of the same; his subsequent voluntary assignment, and the appointment and qualification of the appellee as trustee; the existence of a large amount of indebtedness at the time of the execution of the deeds which remains unpaid; and that Ezra Searles had not, at the time of the transfer or afterwards, sufficient other property to pay his just debts. No other allegations were necessary, and the action was properly treated as a suit to set aside a fraudulent conveyance of lands. The averments in the complaint as to the vesting of the title to the lands so conveyed in

the trustee and that the deeds executed by Searles and wife, and Parsons, were clouds on the title of the trustee, may be rejected as immaterial. The objection that the deed of assignment was not filed as an exhibit cannot be presented for the first time on appeal under the assignment that the complaint does not state facts sufficient to constitute a cause of action. *Kenner* v. *Whitelock, Rec.*, 152 Ind. 635, and cases cited.

We express no opinion as to the necessity for filing a copy of such deed in any action by the trustee.

By virtue of the assignment, the trustee became the representative of all the creditors of the assignor, Ezra Searles, and the action brought by him to set aside the conveyances, mentioned in the complaint as fraudulent, was, in character and legal effect, the same kind of a suit as the creditors themselves might have brought to subject the property to the payment of their debts if the assignment had not been made. *Wright* v. *Mack*, 95 Ind. 332; *Voorhees* v. *Carpenter*, 127 Ind. 300, and cases cited.

If the facts justified the proceeding, the trustee had the right to prosecute the action for the benefit of the creditors, and it was his duty to do so.

We find no error in the ruling of the court on the demurrer to the complaint.

In four separate assignments of error the appellants severally present the question of their right to a new trial under the statute.

It is well settled by numerous decisions of this court, that in actions to set aside conveyances as fraudulent and to subject lands to the payment of the claims of creditors, the statute does not apply, and that in such cases there can be no new trial as of right. *Truitt* v. *Truitt*, 37 Ind. 514; *Shular* v. *Shular*, 56 Ind. 30; *Warburton* v. *Crouch*, 108 Ind. 83; *Liggett* v. *Hinkley*, 120 Ind. 387; *Pool* v. *Davis*, 135 Ind. 323; *Island Coal Co.* v. *Streitlemier*, 139 Ind. 83.

But it is claimed here· by the appellant Mary E. Searles that, as she· filed a cross-complaint or counterclaim, alleging that she was the owner of a portion of the lands described in the complaint, and asking to have her title to the same quieted as against the appellee, she is entitled to a new trial as of right on account of the issue formed upon this pleading.

An examination of the record discloses that there was neither a finding nor a judgment of the court upon the cross-complaint of this appellant. The· cross-complaint or counterclaim seems to have been wholly disregarded by the parties and by the court, and we must presume from the state of the record that it was abandoned by the appellant and cross-complainant.

If the appellant Mary E. Searles desired to present any question arising upon the cross-complaint or counterclaim, then, upon the failure of the trial court to make a finding or render a judgment upon it, she should have filed her motion asking the court to make such finding, and to· render judgment either for or against her.

As there· was no judgment upon the cross-complaint or counterclaim, no question is before us concerning the claim of the appellant Mary E. Searles to a new trial as of right, and we intimate no opinion thereon. *Jarrell* v. *Brubaker*, 150 Ind. 260, 271.

Finding no available error in the record, the judgment is affirmed.

Monks, J., was absent.