### CELTIC SAVINGS & LOAN ASSOCIATION No. 3
### v. CURTIS, ADMINISTRATOR, ET AL.

[No. 6,685.   Filed March 9, 1909.]

1.  PLEADING.—*Complaint.—Setting Aside Sale by Administrator.—*
    A complaint to set aside a fraudulent sale of real estate made by
    an administrator, and an order of confirmation fraudulently se-
    cured, need not allege that the sale of such real estate is neces-
    sary for the payment of debts; and if it were necessary, a failure
    so to allege is harmless, where a mortgage creditor intervened,
    showing in his petition all of such facts and asking the same
    relief as the administrator, the decree being made upon such peti-
    tion, and there being no objection to such petition or decree.
    p. 365.
2.  APPEAL.—*Assignments of Errors.—Conclusions of Law.—How
    Questioned.*—Where no independent error is assigned, on appeal,
    as to the correctness of any or all of the conclusions of law, no
    question is presented thereon.   p. 366.

From Probate Court of Marion County; *Merle N. A.
Walker,* Judge.

Suit by James C. Curtis, as administrator *de bonis non,*
with the will annexed, of the estate of Catherine Malone,
deceased, against the Celtic Savings & Loan Association
No. 3, and others.   From a decree for plaintiff and another,
defendant association appeals.   *Affirmed.*

*Charles L. Barry,* for appellant.
*Howe & Batchelor, Ralph Bamberger, Isidore Feibleman*
and *Estabrook & Marshall,* for appellees.

COMSTOCK, P. J.—James C. Curtis, administrator *de bonis non* with the will annexed of the estate of Catherine Malone, deceased, brought this suit to set aside, as fraudulent, an order of the Marion Circuit Court, approving the sale of certain real estate belonging to the estate of said Catherine Malone, by John A. Devine, a former administrator with the will annexed, the order of said court approving the deed of John A. Devine, administrator, to Samuel Hice, the deed of Samuel Hice to Charles Harrington, the mortgage of Charles Harrington to the Celtic Savings & Loan Association, No. 3, of Indianapolis, Indiana, and the deed of Charles Harrington to Samuel Hice. It was also sought by Charles L. Hutchinson, holder of a certain mortgage, the lien of which was transferred from the realty to the fund, at the time of the first mentioned conveyance, to have the same revived and held to be a paramount lien on said real estate.

The question presented for decision, as between said building association and appellees Curtis and Hutchinson, was whether the mortgage of the appellant should be set aside and adjudged to be null and void as against said appellees, and whether it should be held as junior to the mortgage of said Hutchinson. The court made a special finding of facts and stated conclusions of law thereon, and entered a decree that the mortgage of said appellant be set aside and adjudged to be null and void, and that the mortgage of said appellee Hutchinson is prior and superior to all other liens, except that of taxes.

The first and second specifications of error challenge the sufficiency of the amended complaint; the third and fourth, the action of the court in overruling appellant's motion to modify the finding of facts and conclusions of law and in entering the decree herein; the fifth, in overruling appellant's motion for a new trial.

The questions argued in behalf of appellant are the suf-

ficiency of the amended complaint and whether appellant was an innocent purchaser.

The only objection made to the amended complaint is that it does not allege that at the time it was filed it was necessary to sell the real estate to pay debts. In support of this objection the cases of *Jarrell* v. *Brubaker* (1898), 150 Ind. 260, and *State, ex rel.,* v. *Parsons* (1897), 147 Ind. 579, 62 Am. St. 430, are cited. These are cases in which an administrator had brought suit to set aside a fraudulent conveyance made by his decedent, and to recover the real estate for the estate. This is not a suit to set aside a fraudulent conveyance made by the decedent and to subject the land conveyed to the payment of the claims of creditors. In the case at bar the administrator filed a petition to sell the land of the decedent to pay debts, and the court had made an order directing a sale of the land for that purpose. Instead of obeying the order of the court the administrator practically sold the land to himself, and procured a confirmation of the sale on a false and fraudulent report. It is not sought to set aside the order of sale previously made, or to obtain a new order of sale. It is sought to set aside the sale of the administrator to himself. The authorities cited are, therefore, of doubtful application.

But even if the objection was well taken, appellant was not harmed by the ruling of the court for the following reasons: Charles L. Hutchinson at the time of the death of the decedent, Catherine Malone, held a first mortgage upon the real estate here involved. The indebtedness thereby secured was filed as a claim against the estate and allowed. When the real estate was ordered sold for payment of debts, the lien of said mortgage was ordered transferred to the fund to be derived therefrom. Said Hutchinson, as holder of a claim against said estate of $1,293.93, and a lien upon the fund to be derived from sale of real estate, was made party defendant in the action instituted by administrator *de bonis non,* Curtis. As such party, appellee Hutchinson

filed on his own behalf his intervening petition for affirmative relief as to himself. Said intervening petition contained substantially the same facts as the amended complaint and asked the same relief. This intervening petition contained specific allegations that there is no cash or other property or other assets of decedent to pay said appellee's claim or any part thereof, or any assets whatever with which to pay said claim or any part thereof. It is not therefore open to the objections made to the amended complaint.

Neither the sufficiency of this intervening petition nor the right of appellee Hutchinson to institute such suit to set aside the fraudulent sale on his behalf or on behalf of himself and other creditors and to recover to the estate assets with which to pay his claim is called in question here by any assignment of error. So far as the record discloses, the decree was based upon the intervening petition and not upon the amended complaint, and, so far as the intervening petition is concerned the decree must be affirmed. This affirmance would leave the decree of the lower court exactly as it now stands, providing for resale of real estate and the priority of Hutchinson's claim on the fund to be derived therefrom. So that, so far as the alleged error in overruling the demurrer to the complaint is concerned, it could not harm appellant any more than it is harmed by the decree upon Hutchinson's intervening petition.

The remaining question discussed by appellant's counsel is whether appellant was an innocent purchaser. The fourth conclusion of law substantially states—and this conclusion of law is based upon the finding of facts—that appellant was not an innocent purchaser.

An exception was taken to each conclusion of law, but there is no independent assignment of error questioning said conclusions or any one of them. And without such assignment no question is presented. Ewbank's Manual, §39, and cases cited.

The sufficiency of the special findings to justify the conclusions is not questioned. An examination of the record shows that they were all supported by evidence. To rehearse the evidence would serve no useful purpose. It would only add one more to the many instances of moral obliquity to be found in the reports.

Judgment affirmed.