# ROOKER ET AL. *v.* LUDOWICI CELADON COMPANY.

[No. 7,783. Filed January 21, 1913. Rehearing denied April 18, 1913.]

1. PLEADING.—*Complaint.—Sufficiency.—Initial Attack on Appeal.*— A complaint, questioned for the first time on appeal, is sufficient, if there is not a total failure to state some element essential to recovery, and facts are stated sufficient to bar another action for the same cause. p. 277.

2. MECHANICS' LIENS.—*Foreclosure.—Complaint.—Sufficiency.* — A complaint for the foreclosure of a mechanic's lien, alleging that defendants are indebted to plaintiff in a certain sum for labor performed and material furnished at defendants' special instance and request in the erection of a certain dwelling house upon certain described real estate, that such material was furnished and the labor performed within sixty days next preceding the filing of notice of intention to hold a mechanic's lien, etc., and making a copy of the notice a part thereof, was sufficient as against attack made for the first time on appeal. p. 278.

3. PLEADING.—*Complaint.—Sufficiency.*—The objection that the action is upon a written instrument, and that neither the original nor a copy thereof is made a part of the complaint, is unavailing, where such objection does not appear upon the face of the pleading. p. 278.

4. MECHANICS' LIENS.—*Foreclosure.—Complaint.—Initial Attack on Appeal.—Special Findings.*—Where, in an action to foreclose a mechanic's lien, there was a special finding of facts by the trial court, objections urged to the sufficiency of the complaint on the ground that it contained no bill of particulars, that the exhibit of the complaint was not properly identified, and that there is a variance between the description of the real estate in the notice and the complaint, were cured by such finding as against attack made for the first time on appeal. p. 278.

5. APPEAL. — *Review. — Objections to Pleadings. — Amendments Deemed Made.*—Objections on account of defects in the pleadings that might have been remedied in the lower court, when raised on appeal, will be deemed to have been so remedied. p. 278.

6. MECHANICS' LIENS.—*Creation of Lien.—Statutes.*—Both the title and the text of the act of 1909 (Acts 1909 p. 295) are amply sufficient to give a lien to contractors and subcontractors who comply with the provisions of the act. p. 279.

7. APPEAL.— *Record.— Questions Reviewable.— Evidence.—* Where the transcript of the evidence is not in the record, there is no question before the court as to the sufficiency of the evidence. p. 280.

8. APPEAL.—*Presenting Questions for Review.—Conclusions of Law.*—Error in the conclusions of law on a special finding of facts can only be considered when exceptions are duly reserved thereto and the error is presented by independent assignment on appeal. p. 280.

9. NEW TRIAL.—*Grounds.—Error in Conclusions of Law.*—Error in a conclusion of law on a special finding of facts is not cause for a new trial. p. 280.

From Hamilton Circuit Court; *John F. Neal,* Special Judge.

Action by the Ludowici Celadon Company against William V. Rooker and another. From a judgment for plaintiff, the defendants appeal. *Affirmed.*

*William V. Rooker,* for appellants.
*Shirts & Fertig,* for appellee.

FELT, P. J.—This is an action by appellee against appellants to foreclose a mechanic's lien. Upon request, the court made a special finding of facts and stated its conclusions of law thereon. Appellants each filed a motion for a new trial which was overruled. Exceptions were reserved, both upon the conclusions of law and the overruling of the motion for a new trial. From a judgment in favor of appellee this appeal was prayed and granted. The motion for a new trial assigned reasons as follows: (1) The finding of the court is not sustained by sufficient evidence; (2) is contrary to law; (3) the court erred in each, the first, second and third, conclusions of law. The errors assigned are: (1) The complaint does not state facts sufficient to constitute a cause of action; (2) the court erred in overruling each of the separate motions for a new trial.

Under the rule frequently announced and followed, a complaint questioned for the first time, on appeal, will be held sufficient if there is not a total failure to state some essential element of the right of recovery, and facts are stated sufficient to bar another suit for the same cause of action. After verdict, or the finding of the court, all intendments and presumptions in such cases, are in favor of the pleading. The decision of the trial court, or verdict of the jury, cures all other defects and such complaint is sufficient to support the judgment rendered thereon. *Oliver Typewriter Co.* v. *Vance* (1911), 48 Ind. App. 21, 95 N. E. 327. The amended complaint upon which the case was tried, in substance, charges that appellee is a corporation; that appellants are indebted to it in the sum of $465.43 for labor performed and materials furnished by appellee at

their special instance and request in the erection of a certain dwelling house upon certain real estate, described; that said materials were furnished and labor performed within sixty days next preceding September 28, 1909; that on said day, appellee filed in the office of the Recorder of Hamilton County, Indiana, a notice of its intention to hold a mechanic's lien for said sum on the dwelling house and real estate, so described, "a copy of which is filed herewith as a part thereof"; that appellee holds a lien on said dwelling and real estate for the amount of said debt, which is due and unpaid; that a reasonable attorney's fee for appellee's counsel is $75. Immediately following the complaint, is what purports to be a copy of the notice of appellee's intention to hold a lien.

It is contended that the complaint is insufficient to warrant a foreclosure and is bad for want of a bill of particulars; that the exhibit, the copy of the lien, is not properly identified; that the suit is upon a written instrument other than the notice and neither the original nor a copy thereof is made a part of the complaint. The last objection does not appear upon the face of the pleading and is therefore unavailing. The objections are not well taken for the complaint states facts sufficient to bar another action. Furthermore, there was a special finding of facts and under the assignment questioning the sufficiency of the complaint for the first time on appeal, all the objections urged are cured by such finding. *Kenner* v. *Whitelock* (1899), 152 Ind. 635, 636, 53 N. E. 232; *Searles* v. *Little* (1899), 153 Ind. 432, 435, 55 N. E. 93; *State Bldg., etc., Assn.* v. *Brackin* (1901), 27 Ind. App. 677, 681, 62 N. E. 91; *Cummings* v. *Girton* (1898), 19 Ind. App. 248, 251, 49 N. E. 360. For the same reason the objection that there is a variance between the descriptions of the real estate in the notice and the complaint is not available. Furthermore, objections on account of defects in the pleadings

that might have been remedied by amendment in the lower court, when raised on appeal will be deemed to have been so remedied. *Ades* v. *Levi* (1894), 137 Ind. 506, 37 N. E. 388; *City of South Bend* v. *Turner* (1901), 156 Ind. 418, 421, 60 N. E. 271, 54 L. R. A. 396, 83 Am. St. 200.

6. The appellant also contends that the court erred in rendering judgment of foreclosure. It is not claimed that the act of 1909 (Acts 1909 p. 295) is unconstitutional, but appellant says: "While the general assembly may affirmatively create liens, it cannot do so by merely presupposing that such liens already exist and accordingly legislating concerning them." It is argued that both the title and body of the act are insufficient to warrant the enforcement of mechanics' liens in favor of contractors or subcontractors for the alleged reason that the act makes no provision for the creation of any liens and only assumes to make provision for such liens as already exist. We cannot agree with this contention but hold that both the title and text of the act are amply sufficient to give liens to contractors and subcontractors who comply with the provisions of the statute. *Republic Iron, etc., Co.* v. *State* (1903), 160 Ind. 379, 382, 66 N. E. 1005, 62 L. R. A. 136; *South East, etc., R. Co.* v. *Evansville, etc., R. Co.* (1907), 169 Ind. 339, 344, 82 N. E. 765, 13 L. R. A. (N. S.) 916, 14 Ann. Cas. 214; *Western Union Tel. Co.* v. *Braxtan* (1905), 165 Ind. 165, 167, 74 N. E. 985; *Knight & Jillson Co.* v. *Miller* (1909), 172 Ind. 27, 40, 87 N. E. 823, 18 Ann. Cas. 1146. While we deem the language plain and unambiguous, yet if any light was needed from sources other than the act itself, former legislative enactments on the subject of mechanics' liens and the judicial interpretation thereof preceding the act of 1909, would afford ample and legitimate proof that the legislature clearly intended to make provision for such liens in favor of contractors and subcontractors. *Indianapolis, etc., Traction Co.* v. *Brennan* (1910), 174 Ind. 1, 87 N. E. 215, 90 N. E. 65, 90 N. E. 68, 91 N. E. 503, 30 L. R.

A. (N. S.) 85; *Greenbush Cemetery Assn.* v. *Van Natta* (1912), 49 Ind. App. 192, 94 N. E. 899.

The alleged insufficiency of the evidence is not before this court, for the reason that there is no transcript of the evidence in the record. The alleged errors in the trial court's conclusions of law are assigned as causes for a new trial, but are not assigned as errors in this court and cannot therefor avail appellants unless they are proper grounds for a new trial. This is no longer an open question for it has been held many times that error in the conclusions of law on a special finding of facts can only be considered when exceptions are duly reserved thereto and such errors are by independent assignment presented to the court of appellate jurisdiction.

Also that error in a conclusion of law on a special finding of facts is not cause for a new trial. This is so held for the reason that when the finding of facts covers the issues the court bases its conclusions of law upon the facts so found, and an error of law in stating such conclusions may be corrected without a new trial or further examination of the facts than may be had from the special finding. A new trial involves a reëxamination of the facts and the questions of law incident thereto. An error in the conclusions of law stated upon a special finding of facts is not an error of law occurring at the trial within the meaning of the statute, specifying the grounds upon which a new trial may be granted. *Peden's Admr.* v. *King* (1868), 30 Ind. 181, 183; *Montmorency Gravel Road Co.* v. *Rock* (1872), 41 Ind. 263, 268; *Cruzan* v. *Smith* (1872), 41 Ind. 288, 293; *Selking* v. *Jones* (1876), 52 Ind. 409, 410; *Clayton* v. *Blough* (1884), 93 Ind. 85, 93; *Pfau* v. *State, ex rel.* (1897), 148 Ind. 539, 543, 47 N. E. 927; *Cincinnati, etc., R. Co.* v. *Cregor* (1898), 150 Ind. 625, 630, 50 N. E. 760; *Nelson* v. *Cottingham* (1899), 152 Ind. 135, 139, 52 N. E. 702; *Celtic Sav., etc., Assn.* v. *Curtis* (1909), 43 Ind. App. 363, 367, 87 N. E. 660.

No *available error is shown by the record and the judgment is therefore affirmed.

NOTE.—Reported in 100 N. E. 469. See, also, under (1) 31 Cyc. 770; (2) 27 Cyc. 367; (3) 31 Cyc. 322; (4) 31 Cyc. 763, 777; (5) 31 Cyc. 766; (6) 27 Cyc. 83, 96; (7) 3 Cyc. 166; (8) 2 Cyc. 730; (9) 29 Cyc. 772. As to who is a laborer within the meaning of mechanics' lien statutes, see 32 Am. Rep. 264.