## JANN ET AL. v. STANDARD CEMENT COMPANY.

[No. 7,959.  Filed October 14, 1913.]

1. EASEMENTS.—*Way of Necessity.—Presumption of Agreement.*—
Before there can be a way established by the rule of necessity,
the facts must be such that the law will presume therefrom that
the parties to a conveyance had an agreement that the grantee
should have the right of access to the land conveyed him over
other lands of the grantor not so conveyed.   p. 225.

2. EASEMENTS.—*Express Agreement.—Presumptions.*—Where there
is a valid express agreement for a way fairly made, the law will
not indulge in presumptions, and the rights of the parties will
be upheld according to the terms of such agreement.   p. 226.

3. APPEAL.—*Review.—Harmless Error.—Conclusion of Law.*—Even
though a conclusion of law is not supported by the finding of
facts, the error is harmless, where another conclusion is stated
which is supported by the facts, and under which the relief grant-
ed is identical with that given by the erroneous conclusion.
pp. 226, 227.

4. EASEMENTS.—*Appurtenant or in Gross.—Way.—Findings.*—A
finding that a roadway over the grantor's land is appurtenant to
the land conveyed excludes the idea that the way was personal
or in gross.   p. 226.

5. EASEMENTS.—*Revocation.—Executed Parol License.*—While a
mere naked license to use the land of another is revocable at
the pleasure of the licensor, where a parol license has been exe-
cuted and acted upon, and expense incurred in perfecting an
easement over the land of another in reliance upon such license,
it cannot thereafter be revoked without placing the licensee *in
statu quo.*   p. 226.

6. EASEMENTS.—*Action.—Complaint.—Allegation of Agreement.*—
In an action to enjoin an interference with an easement of way
over defendant's land, a complaint alleging generally that at the
time of a conveyance to plaintiff the parties agreed that plaintiff
should have to use a certain roadway over the lands of the
grantor, is sufficient to withstand a demurrer and to permit proof
of the right to use such road, in the absence of a motion to make
it more specific with reference to the allegation of such agree-
ment.   p. 227.

7. APPEAL.—*Review.—Harmless Error.—Ruling on Demurrer.*—
The ruling on the demurrer to a paragraph of complaint, if
erroneous, is harmless, where it appears that the conclusions and
judgment are not based on such paragraph.   p. 228.

8. APPEAL.—*Review.—Harmless Error.—Complaint.—Description of Easement.*—In an action to enjoin interference with an easement of way, a paragraph of complaint and the court's finding of facts correctly describing the easement as on the "northwest" line of a certain tract of land, were sufficient to sustain the judgment granting relief, so that error in the other paragraphs as to the location of such easement was harmless. p. 228.

9. APPEAL.—*Amendments Deemed Made.—Defects in Pleadings.*— Mere formal defects in a pleading that might have been corrected at the trial, if the error had been suggested, will on appeal be deemed to have been corrected by proper amendment. p. 228.

From Clark Circuit Court; *Harry C. Montgomery,* Judge.

Action by the Standard Cement Company against William T. Jann and another. From a judgment for plaintiff, the defendants appeal. *Affirmed.*

*J. K. Marsh* and *C. H. D. Gibson,* for appellants.

*E. C. Hughes,* for appellee.

FELT, J.—This is a suit by appellee against appellants to enjoin the latter from obstructing an easement, or roadway, from a certain tract of land owned by appellee, to a public highway, and to compel the removal of certain obstructions from said way. The complaint was in three paragraphs, each of which was answered by general denial. The appellants have assigned as errors the overruling of separate demurrers to each paragraph of the amended complaint, error in each separate conclusion of law and in overruling their motion for a new trial.

The cause was tried by the court and on request a special finding of facts was duly made and conclusions of law stated thereon. The facts so found are in substance as follows: that on August 17, 1896, Florian Jann was and for many years prior thereto had been the owner of a farm of 110 acres in Clark County, Indiana, which is particularly described; that said farm does not touch upon any highway and is wholly surrounded by other lands; that prior to August 20, 1887, said Florian Jann had no way or road to and from said land except by going over the lands of other

persons; that on said day said Jann purchased from Alfred
Coble a strip of ground adjoining said farm, which is partic-
ularly described, and is 4½ rods wide and 95 and 4/10 rods
long, extending from the southeast portion of said farm in
a northeasterly direction to a highway known as the Madi-
son Road, leading from Charlestown, Indiana, to New Mar-
ket, Indiana; that thereafter said Jann continuously used a
roadway over said strip which had already been used prior
to the purchase thereof by him; that said Jann purchased
said strip or tract of land in order to obtain an outlet from
said farm of 110 acres and continuously thereafter used a
strip 30 feet in width over the northwest line of the 2½
acres so purchased as aforesaid as a roadway to and from
said farm, until he sold the same and moved therefrom;
that said roadway was attached to and made appurtenant
to said farm as an outlet to the public highway, there being
no other outlet to any public highway; that on August 17,
1896, said Florian Jann and Catherine E., his wife, by war-
ranty deed, sold and conveyed said 110 acres of real estate
to the plaintiff for the sum of $5,500; that said 2½ acres was
not included in said deed and the only outlet the plaintiff
has from its 110 acres, so purchased as aforesaid, to a public
highway, without going over the land of other parties, is
over and upon said 2½ acre strip of land; that said Florian
Jann continued to own said 2½ acres to the time of his death,
about the year 1905, since which time said real estate has
been owned by defendants; that defendants derive their title
to said 2½ acres as devisees under the will of said Florian
Jann; that at the time of the purchase of said 110 acres of
real estate, in the presence of the defendants (the appellants),
it was agreed between said Florian Jann and the plaintiff
(the appellee), that the latter was to have a permanent and
absolute right to the use of said roadway over said strip of
2½ acres, to go to and from said farm; that at the request
of said Florian Jann and the defendants said agreement was
not included in the deed for said 110 acres; that said parol

agreement for said roadway was founded on a valuable consideration and in pursuance thereof the plaintiff purchased 95 rods of wire to be used in fencing said tract along the line of said roadway and the defendants built said fence; that said roadway so fenced off is 30 feet wide and runs along the northwest line of said $2\frac{1}{2}$ acre tract; that in so fencing off said roadway no change was made either in the width or location thereof; that thereafter and by virtue of said agreement and license, and the consideration paid as aforesaid, the plaintiff immediately took possession of said roadway and at its expense built a culvert across the same, and otherwise improved the roadway and used it continuously thereafter in going to and from said farm until prevented from so doing by the acts of the defendants; that on the faith of said agreement, giving the right to use said roadway, the plaintiff built a cement mill on said 110 acres of land and installed thereon boilers, engines, machinery and everything essential to the manufacture of cement; also built on the premises two large warehouses, four dwelling houses and other buildings, all at the cost of many thousands of dollars; that the plaintiff and all persons doing business at said mill, continuously and uninterruptedly used said roadway without objection on the part of Florian Jann, or the defendants, from the time the plaintiff purchased said 110 acre tract in 1896 until the same was obstructed by the defendants in 1908; that in 1908 defendants built a fence across said roadway and otherwise obstructed the same, and refused to permit the plaintiff to use the way and prevented it from so doing to its damage.

On this finding of facts, the court stated its conclusions of law in substance as follows:    (1) The plaintiff, the Standard Cement Company, is entitled to a way of necessity 30 feet wide over and along the northwest line of said $2\frac{1}{2}$ acres aforesaid, which is the way selected and agreed upon between the plaintiff and said Florian Jann.    (2) The plaintiff has an unrevoked and unrevocable right and license to use the

roadway in dispute, which is the roadway 30 feet in width over the northwest line of the 2½ acre tract described in the foregoing findings. (3) The plaintiff is entitled to have the defendants, William T. Jann and John J. Jann, enjoined from interfering with the plaintiff's right to use said roadway in dispute, and to have them remove all obstructions placed by them in said roadway. (4) The plaintiff is entitled to recover from the defendants the sum of one dollar as damage for obstructing said roadway. Exceptions were duly saved to each conclusion of law. The court thereupon rendered judgment, the substance of which is that the plaintiff, appellee, is the owner of a permanent easement for road purposes, and a right of way, or roadway, thirty feet in width, over and along the northwest line of the following: (here follows a particular description of the 2½ acres of real estate); that defendants, appellants, and all persons claiming under or through them, be and each of them is hereby enjoined from interfering in any way or manner with plaintiff's free and permanent use of said roadway and from placing any obstructions thereon; that said defendants forthwith remove all fences, or other obstructions, placed by them on said roadway.

It is earnestly insisted that the court erred in its first conclusion of law in this, that the facts found are insufficient to show a way of necessity because the finding does not show that appellee had no other outlet or road from the farm. It is also contended that the second conclusion of law that appellee has a way by "right and license" is inconsistent with the idea of a way of necessity, and *vice versa.* Before there can be a way established by the rule of necessity, the 1. facts must be such that from them the law raises the presumption that the parties had an agreement that the grantee should have the right of access to the land conveyed him over other lands of the grantor not so conveyed. Where there is a valid express agreement fairly made, the

law does not indulge in presumptions, and the rights of the parties will be upheld according to the terms of such agreement. *Ritchey* v. *Welsh* (1898), 149 Ind. 214, 217, 48 N. E. 1031, 40 L. R. A. 105; *Ellis* v. *Bassett* (1890), 128 Ind. 118, 120, 27 N. E. 344, 25 Am. St. 421.

Conceding, without deciding, that the facts found do not show that appellee has no other outlet from said farm except the roadway in dispute, it does not follow that appellants have been harmed by the court's first conclusion of law, if it be erroneous. The facts found show that appellee's grantor, the father of appellants, from whom they obtain title by will, at the time of the conveyance of the 110 acres, for a valuable consideration, granted to appellee the permanent use of the private way in question; that in pursuance of this agreement appellee furnished wire to fence the way and otherwise improved the same; that in pursuance thereof, the way was used continuously without objection from 1896 to 1908 and valuable and permanent improvements were made on the farm. The court also finds that this roadway is appurtenant to the farm so conveyed appellee and thus excludes the idea that the way was personal or in gross. *Lucas* v. *Rhodes* (1911), 48 Ind. App. 211, 94 N. E. 914. In *Nowlin* v. *Whipple* (1889), 120 Ind. 596, 599, 22 N. E. 669, 6 L. R. A. 159, Mitchell, J., said: "While it is well established that a mere naked license to use the land of another is revocable at the pleasure of the licensor, yet where a consideration has been paid, or value parted with on the faith that the license shall be perpetual, it can not be revoked to the injury of the licensee. *Snowden* v. *Wilas* [1862], 19 Ind. 10 [81 Am. Dec. 370]; *Robinson* v. *Thrailkill* [1886], 110 Ind. 117 [10 N. E. 647], and cases cited. An executed parol license may become an easement upon the land of another, and may impose a servitude on one tenement or estate, in favor of another dominant estate. *Dark* v. *Johnston* [1867], 55 Pa. St. 164 [93 Am. Dec. 732]; 6 Am. and Eng. Ency. Law 142;

Washburn, Easements 24. Where a parol license has been executed and acted upon, and expense incurred in perfecting an easement over the land of another in reliance upon the license, it can not afterwards be revoked without placing the licensee *in statu quo*. *Woodbury* v. *Parshley* [1834], 7 N. H. 237 [26 Am. Dec. 739].'' See, also: *Buck* v. *Foster* (1897), 147 Ind. 530, 532, 46 N. E. 920, 62 Am. St. 427; *Messick* v. *Midland R. Co.* (1890), 128 Ind. 81, 83, 27 N. E. 419; *Simons* v. *Morehouse* (1882), 88 Ind. 391, 393. The findings support the second conclusion of law, and as the

3. relief granted under this finding is identical with that given by the first conclusion of law, the appellants are not harmed by the error, if any, in the first conclusion of law.

The first paragraph of the complaint is not insufficient for failing to state the details of the agreement by which it is alleged appellee was to have the right to use the

6. private way in question in going to and from the farm. The paragraph alleges that appellee is the owner of the 110 acres, and describes it. It also describes the $2\frac{1}{2}$ acres and the private way over the same and alleges its existence and use for many years prior to the purchase of the 110 acres by appellee; that at the time of said purchase it was agreed by the grantor and grantee that the latter should have the right to use said roadway in going to and from said real estate. The general allegation that the parties agreed that appellee should have the right to use said roadway, which was then definitely located, in the absence of any motion to make the same more specific, is sufficient to withstand the demurrer and to permit proof showing such right to use the road. *Hall* v. *Hedrick* (1890), 125 Ind. 326, 25 N. E. 350; *Mitchell* v. *Bain* (1895), 142 Ind. 604, 606, 42 N. E. 230; *Steel* v. *Grigsby* (1881), 79 Ind. 184, 187.

The conclusions and judgment of the court are not based on any right to the way in question acquired by prescription

and the ruling on the demurrer to the second paragraph of complaint, if erroneous, was harmless to appellants. The contention that the description of the private roadway in the second and third paragraphs of complaint as being on the "northeast" line instead of the "northwest" line of said 2½ acre strip, renders the paragraph bad, is not sound. In the first paragraph of complaint and in the court's finding of facts the roadway is described as located on the "northwest" line of said tract and the proof shows this to be the true location. This is sufficient to sustain the judgment, and the error, if any, in the description in the second and third paragraphs of complaint is therefore harmless. Furthermore, it is the rule in this State that mere formal defects in a pleading that might have been corrected at the trial, if the error had been suggested, will on appeal be deemed to have been corrected by proper amendment. *Rooker* v. *Ludowici Celadon Co.* (1913), 53 Ind. App. 275, 100 N. E. 469; *Noble* v. *Davison* (1912), 177 Ind. 19, 96 N. E. 325, 328; *Browning* v. *Smith* (1894), 139 Ind. 280, 286, 37 N. E. 540; *Krewson* v. *Cloud* (1873), 45 Ind. 273, 274.

There is no available error shown by the record and the judgment is therefore affirmed.

NOTE.—Reported in 102 N. E. 872. See, also, under (1) 14 Cyc. 1172; (2) 14 Cyc. 1196; (4) 14 Cyc. 1140; (5) 25 Cyc. 646; (6) 14 Cyc. 1220; (7) 31 Cyc. 358. As to grant of easements by implication, including ways of necessity, see 85 Am. Dec. 675; 122 Am. St. 206. As to the revocability of a license to maintain a burden on land, after the licensee has incurred expense, see 49 L. R. A. 497; 19 L. R. A. (N. S.) 700; 25 L. R. A. (N. S.) 727.