PENNSYLVANIA RAILROAD CO. *v.* MARTIN.

[No. 18,204. Filed December 14, 1951.]

*J. A. Bruggeman;* and *Barrett, Barrett & McNagny,* all of Fort Wayne, for appellant.

*Fagan & Daugherty; Wm. J. Regan;* and *Ryan & Chester,* all of Gary, for appellee.

CRUMPACKER, J.—This action grows out of a collision between a small gasoline powered track car, belonging to and operated by the appellant, and an automobile driven by one Mike Trizanski, on September 23, 1945, at the intersection of the appellant's tracks and 15th Avenue in the City of Gary, Indiana. The appellee was in the employ of the appellant as a section hand and, in the course of his employment, was riding on said track car when the collision in controversy occurred and as a result thereof suffered personal injuries. Attributing the accident to the appellant's negligence he brought this suit, under the provisions of the Federal Employer Liability Act, to recover damages for his injuries and after a trial, without the intervention of a jury, the court found the facts specially and stated conclusions of law thereon favorable to the appellee and judgment in the sum of $2,000 went accordingly. Without seeking a new trial the appellant brings us a record which contains nothing but the special findings of fact, the conclusions of law and the judgment. The only complaint made is that the court erred in each of its conclusions of law on the facts as found.

The appellee asks us to affirm the judgment without consideration of alleged error because no motion for a new trial was filed below and the trial court had no opportunity to review its conclusions of law in respect to the questions the appellant seeks to present on appeal. For many years it was the law in this state that no question as to the correctness of conclusions of law, in a case tried to the court in which the facts had been found specially, could be raised by a motion for a new trial. In other words, such error should be assigned independently and, from the court's ruling on objections to its conclusions of law, a direct appeal would lie after judgment. *Radabaugh* v. *Silvers, Administrator* (1893), 135 Ind. 605, 35 N. E. 694; *Wolverton* v. *Wolverton* (1904), 163 Ind. 26, 71 N. E. 123; *Rooker* v. *Ludowici Celadon Co.* (1913), 53 Ind. App. 275, 100 N. E. 469. Since September 2, 1940, however "If, in the trial court, a motion for a new trial is filed, each error relied upon, however and whenever arising up to the time of the filing of said motion, may be separately specified therein as a grounds therefor and an assignment of error to the effect that the trial court erred in overruling said motion shall be sufficient to raise said asserted error on appeal." Rule 2-6. It is clear that the Supreme Court, by the adoption of this rule, had no intention of abolishing the former practice in this respect as the rule specifically provides: "Errors which now (Sept. 2, 1940) must be assigned independently may still be so assigned if desired." The appellee insists, however, that Rule 2-6 must be read in connection with Rule 1-8, adopted and effective at the same time, which provides: "On a motion for a new trial in an action tried without a jury, the court may open the judgment, if one has been entered, take additional testimony, amend findings of fact and conclusions of law, or make new findings and

conclusions and direct the entry of a new judgment."
When these two rules are read together, the appellee
contends, it is the manifest intention of the Supreme
Court that no question, in a case tried to the court
without a jury, can be presented on appeal until the
trial court has had an opportunity to review its alleged
error through a motion for a new trial.

We find nothing in the two rules that justifies such
a construction. If the appellant had seen fit to assign
error based on the conclusions of law as grounds
for a new trial, rather than independently, and
had then attempted to appeal after judgment
but without a ruling on the motion, there would be
merit in the appellee's position. The record, however,
presents no such situation. The appellant assigned the
error complained of independent of a motion for a new
trial, as it had the right to do, and no such motion was
necessary as a condition precedent to its presentation
here. Rule 1-8 is operative only in the event a motion
for a new trial is filed and when none is necessary to
present a question on appeal the rule remains wholly
outside the problem. Furthermore there is no basis in
reason or logic for a rule requiring a litigant, who is
satisfied with the finding of facts and complains only
of the law the court applies thereto, to seek to have
the facts found again.

As the sole question before us is the sufficiency of
the special findings of fact to sustain conclusions of
law favorable to the appellee, an analysis of such find-
ings becomes necessary. Such an analysis appears in
the appellant's brief and, as it goes unchallenged, we
accept it as fair and accurate. It states as follows:

"The accident occurred in the intersection of
Appellant's tracks and Fifteenth Avenue in Gary.
At that point, Fifteenth Avenue was about thirty-
six (36) feet from curb to curb. It ran in an east

and west direction and was intersected by Appellant's tracks running in a general northwest-southeast direction at an angle of about thirty-five (35) degrees. Appellant had two main tracks, No. 1 track, the eastbound main, and to its north, No. 2 track, the west bound main. At each side was a dead track no longer in use.

"The plaintiff and a crew of employees under the charge of Assistant Foreman Walker, approached this crossing with the intention of making some repairs. They rode on a track car which was insulated so as not to activate the flashers and gates protecting the crossing. This car was powered by a one-cylinder motor and had a slow pick-up.

"Foreman Walker was sitting on the left side with two other men and the plaintiff was sitting on the right side with three other men. The car approached from the east on No. 2 track and stopped at the edge of the crossing. The foreman looked to the left, but not the right. Members of the crew sitting on the right looked in that direction and gave the signal to go ahead. The motor car entered the intersection and stopped just before its front end reached the center of the crossing. It moved at a speed of not to exceed (3) miles per hour.

"Prior to reaching the stopping point, one of the men sitting on the right with the plaintiff observed an automobile approaching from the right. Several crew members screamed and signalled for the foreman to stop the motor car before the collision but no one got off the car before the impact.

"While the motor car was standing on its own side of the street, an automobile operated by one, Mike Trizanski, ran into and against its right front corner and right side. This automobile was traveling approximately fifty (50) miles per hour. Before the impact, the driver turned his automobile to his right. It was daylight and visibility was good.

"After the accident, said automobile driver paid the plaintiff Fifty ($50.00) Dollars and two chickens, and was released by Appellee."

Cast among the findings is the following statement: "That the defendant, Pennsylvania Railroad Company, was guilty of negligence which proximately caused the injury to plaintiff." It has been held that such a statement adds no force to the special findings as it is a conclusion of law and must rest for its support on the specific finding of such facts as, in law, constitute negligence and proximate cause. *Pittsburgh, Cincinnati and St. Louis Railroad Company* v. *Spencer* (1884), 98 Ind. 186; *The Cincinnati, Indianapolis, St. Louis and Chicago R. W. Co.* v. *Gaines* (1886), 104 Ind. 526, 4 N. E. 34, 5 N. E. 746; *The Chicago, St. Louis and Pittsburgh Railway Company* v. *Burger* (1890), 124 Ind. 275, 24 N. E. 981. The fact that two of the above decisions involve the special verdict of a jury rather than special findings of fact by a court, is unimportant as the rule is the same in both instances. *Craig* v. *Bennett* (1897), 146 Ind. 574, 45 N. E. 792.

The burden of proving negligence on the part of the appellant and that such negligence was the proximate cause of the accident in controversy was upon the appellee and unless the facts found by the court show such negligence and causation, as a matter of law, its conclusion that the law is with the appellee and that he is entitled to recover damages is erroneous.

The first proposition upon which the appellee predicates his case is that the facts specially found show that the appellant's foreman, in charge of the operation of its track car, did not look down 15th Ave. to the right before entering the intersection and that his failure to do so, under the circumstances disclosed by said findings, was negligence per se.

Assuming, for the sake of discussion, that the appellant's foreman was negligent in delegating the duty of

looking to the right before entering the intersection, to other of the appellant's employees who were seated on that side of the car and in a better position to see effectively than he was, it does not appear that such negligence was the proximate cause of the accident. An essential element of the doctrine of proximate cause is that the accident resulting from one's negligence must be of a class that might reasonably have been anticipated in the ordinary experience of men. *Indiana Service Corporation* v. *Johnston* (1941), 109 Ind. App. 204, 34 N. E. 2d 157; *Button* v. *Pennsylvania R. Co.* (1944), 115 Ind. App. 210, 57 N. E. 2d 444. When the track car entered the intersection it is certain, by mathematical calculation, that the Trizanski automobile was two city blocks away. That it would approach a railroad crossing and attempt to pass over it while traveling at a speed of 50 miles per hour on the left side of one of the principal streets in the city of Gary, Indiana, and run into the track car standing directly in its path and in plain view, does not seem to us as constituting an accident of a class that was reasonably foreseeable.

The appellee next contends that the findings show that the appellant's foreman, in charge of the operation of the track car in question, was warned of the approach of the Trizanski automobile after he had entered the intersection but that he negligently failed to stop said car in time to avoid the collision as indicated by the fact that none of the men got off before the impact. The appellant's negligence in that regard depends on whether or not its foreman was warned in time to have stopped the track car and avoided the collision had he exercised reasonable care. The findings are silent as to where the Trizanski automobile was when the warning came and as to when it came in relation to the time of impact. For aught

that appears the Trizanski automobile may have been only a few feet away when first discovered and the collision may have happened within a split second after the warning. We can see no significance in the fact that none of the men left the car before the collision. It seems just as reasonable to infer, in view of the fact that it was moving at a speed of not more than three miles per hour, that they did not do so because of insufficient time as to consider their conduct in that respect proof of the appellant's negligence in failing to stop after a timely warning.

In view of the conclusions above expressed we find it unnecessary to discuss the questions of joint tort feasors and the effect the release of one had on the other and the sufficiency of the court's findings of fact in that respect.

The judgment is reversed and the cause remanded with instructions to the trial court to restate its conclusions of law in conformity with the views expressed in this opinion and enter judgment accordingly.

NOTE.—Reported in 102 N. E. 2d 394.